DODGE COUNTY, Respondent, vs. KAISER, Appellant.

*September 16—October 12, 1943.*

554

For the appellant there was a brief by *George A. Hartman* of Juneau, attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *Mr. Hartman* and by *Mr. W. E. Torkelson* of Madison.

For the respondent there was a brief by *John A. Thiel,* special district attorney of Dodge county, and *Lloyd Allan* of Mayville of counsel, and oral argument by *Mr. Thiel.*

MARTIN, J.    Defendant contends that the payment of expenses incurred by him in attending conventions of the National Educational Association is authorized by sec. 39.01 (3), Stats., which, so far as here material, provides:

"The county superintendent shall be allowed and shall receive (in addition to his salary) his reasonable, actual and necessary expenses for travel, stationery, postage and printing incurred in or necessary for the proper discharge of the duties of the office."

The only statutory provision requiring county superintendents to attend conventions is sec. 39.04, Stats., which provides:

"The county superintendent shall annually attend at least one convention called by the state superintendent for the purpose of consultation, advice and instruction pertaining to the public schools.    His necessary and actual expenses for such attendance at the most accessible convention shall be paid by the county upon allowance by the county board of proper bills for such expense with the certificate of the state superintendent

attached, showing that the claimant attended such convention for the number of days specified in the bill."

The trial court held that the right to be reimbursed for expenses incurred in attending the convention of the National Educational Association is not expressly granted by statute, and if such were the intention of the legislature it must arise by implication. The court further held that sec. 39.04, Stats., which specifically provides for reimbursing the superintendent of schools for expenses incurred while attending conventions, negatives any such right to payment by implication under the provisions of sec. 39.01 (3).

Defendant argues that the travel expense of a county superintendent, as in the instant case, to attend national conventions of the National Educational Association, is covered entirely by sec. 39.01 (3), Stats., and that the legislature by the enactment of sec. 39.04 did not intend any limitation on the expense of a county superintendent attending national conventions other than that the expense must be reasonable, actual, and necessary, and be incurred in and necessary for the proper discharge of the duties of the office; that there is no limitation on the place or scope of the travel.

The law imposes no duty on the county superintendent to attend any convention in his official capacity, except conventions called by the state superintendent pursuant to sec. 39.04, Stats. It should be noted that the attendance of the county superintendent at conventions called by the state superintendent shall be at the most accessible convention, obviously for the purpose of curtailing the expense of the county superintendent's attendance at such conventions. In view of the provisions of sec. 39.04 we think it clear that the legislature intended that the reimbursement for travel expense provided for in sec. 39.01 (3) is for the expense incurred by a county superintendent in visiting the schools within his jurisdiction and for routine travel in connection with the discharge of the ordinary duties imposed upon him by law.

The county board has only such powers as are expressly conferred upon it or necessarily implied from those expressly given. 14 Am. Jur. p. 200, sec. 28; 15 C. J. p. 457, sec. 103; 1 Dillon, Mun. Corp. (5th ed.) p. 67, sec. 37; *Spaulding v. Wood County,* 218 Wis. 224, 228, 260 N. W. 473. In *Spaulding v. Wood County, supra,* page 229, the court said:

"It has been held that if there be a fair and reasonable doubt as to an implied power [of a county board] it is fatal to its being."

Then, quoting from *Blades v. Hawkins,* 240 Mo. 187, 195, 112 S. W. 979, 981, 141 S. W. 1198, the court said:

"The courts are conservative in implying powers not expressly given."

Defendant refers to the fact that sec. 39.01 (3), Stats., was amended by ch. 392, Laws of 1943, to provide that the county superintendent be allowed, in addition to his salary, his reasonable, actual, and necessary expenses for travel, including travel outside the county when necessary in the performance of his duties, meals, and room rent while on travel duty; also providing that "the county board may authorize the county superintendent to travel outside of the state at county expense." Defendant makes no claim that the amendment of 1943 is retroactive, but argues that the court should construe sec. 39.01 (3) in accord with the statute as it now exists. The power conferred upon the county board by ch. 392, Laws of 1943, can have no weight in a construction of the statute as it existed before the amendment. The conclusion is inescapable that had the legislature intended to allow reimbursement to the county superintendent for expenses in attending other conventions than those called by the state superintendent pursuant to sec. 39.04, it would have done so by express language. Plaintiff is entitled to recover all sums of money paid to the defendant to reimburse him for expenses incurred

in attending conventions of the National Educational Association within the period of six years immediately preceding the commencement of this action.

The next items involved are those paid to defendant as salary for acting as secretary of the rural normal school board. Sec. 41.36, Stats., provides for the organization, equipment, and maintenance of a normal school, to be known as a "County Normal School" for teachers of the common schools, and for the erection of suitable school buildings and dormitories, or for purchasing and remodeling suitable buildings therefor. Sec. 41.37 provides:

> "A 'County Normal School Board' is created, which shall have charge and control of all matters pertaining to the organization, equipment and maintenance of such schools. Said board shall consist of three members, *one of whom shall be the county superintendent of schools.* The other members shall be elected by the county board at an annual meeting for the term of three years from January first following their election, and shall within ten days after the notice of such election take and file the official oath and execute and file an official bond in such sum as may be fixed by the county board. The members thereof shall meet and elect one of their number president. *The county superintendent of schools shall be secretary of the said board,* and the county treasurer of the county in which the school is located shall be treasurer of said board, but not a member thereof. The said board shall prescribe the duties of its officers."

It is obvious that defendant's services as secretary of the county normal school board are by statute made a part of his duties as county superintendent. It is also stipulated "that the county superintendent, *by virtue of said office,* became the secretary of the Dodge county rural normal school board." It is not claimed that the county board, by resolution or otherwise, fixed a salary for the defendant for acting as secretary of the county normal school board. Sec. 41.37, Stats., does not

create an additional office for the county superintendent with wholly separate and distinct duties from those of his office as county superintendent. The legislature, conversant with the duties of a county superintendent and the functions of a normal school, wisely provided that the county superintendent be a member of the county normal school board and that he shall be secretary of said board. There is no separate tenure attached to the secretaryship of the board. Defendant held that office solely by virtue of his being county superintendent.

Defendant argues that since sec. 39.03, Stats., prescribing the duties of a county superintendent, makes no mention of any duties having anything to do with membership on the county rural normal school board, therefore, by virtue of the provisions of sec. 41.37 he becomes vested with a separate and distinct office, that of secretary of the rural normal school board, and entitled to a salary from both sources. This position cannot be sustained. The situation is analogous to that of the state office of public instruction. The state superintendent is made a member of several different boards connected with educational activities. For example, he is a member of the board of regents of the university, the board of regents of the normal schools, the state board of vocational and adult education, the board of trustees of Stout Institute, and the Wisconsin Institute of Technology. The members of this court, together with the attorney general, are made *ex officio* trustees of the state library. We do not hold two offices. See *In re Appointment of Revisor,* 141 Wis. 592, 124 N. W. 670.

In *Crocker v. Supervisors of Brown County,* 35 Wis. 284, 286, the court said:

"Officers take their offices *cum onere,* and services required of them by law for which they are not specifically paid, must be considered compensated by the fees allowed for other services."

In *Quaw v. Paff,* 98 Wis. 586, 590, 74 N. W. 369, the court said:

"Officers take their offices *cum onere,* and can acquire no right, legal or equitable, to a salary in excess of that provided and fixed by law before they enter upon their official duties. Whether the salary incident to an office be adequate or inadequate is entirely immaterial. The officer accepting an office has no right to demand more for the performance of its duties, or the performance of any duty, as such officer, not required by law, but which may be required of him by the governing body of the corporation and voluntarily performed. All services performed, which are within the scope of his official duties, or which are voluntarily performed as such officer by request or otherwise, are, in contemplation of law, covered by his official salary." .

While sec. 41.37, Stats., does not use the words, *"ex officio,"* in providing that the county superintendent shall be a member of the county normal school board and that he shall be the secretary of said board, in legal effect it means the same. In *Martin v. Smith,* 239 Wis. 314, 327, 1 N. W. (2d) 163, the court said:

"Where the holder of a position has imposed upon him an *ex officio* post or position, the *ex officio* post is not an office within the meaning of that term as used by constitutional and statutory provisions against holding two offices."

We must hold that defendant held but one office; that the office of secretary of the rural normal school board is in legal contemplation an *ex officio* position attached to the office of county superintendent; that it was the intention of the legislature, in both the state and in the county, to co-ordinate the educational program by giving the county superintendent a voice in directing the activities of the rural normal school located in his jurisdiction; that his membership on the normal school board and acting as secretary thereof does not become a separate office. Plaintiff is entitled to recover all sums of

money paid to the defendant for services as secretary of the rural normal school board within the period of six years immediately preceding the commencement of this action.

The last item in dispute is the $25 paid to the defendant for his commencement address to the graduating class of the county rural normal school in June, 1938. As to this item defendant contends that he was entitled to compensation because it was a service he was not legally bound to render; and further, that payment is authorized by secs. 41.36 to and including 41.38, Stats., which give the county normal school board full and complete control over the school and its affairs, subject to the general supervision of the state superintendent. This contention cannot be sustained. Defendant was a member of the rural normal school board. Under sec. 348.28 he was prohibited from entering into any contract with the board of which he was a member. See *Henry v. Dolen,* 186 Wis. 622, 203 N. W. 369. The plaintiff is entitled to recover this item of $25.

*By the Court.*—Judgment affirmed.