MAIER and others, Respondents, vs. RACINE COUNTY,
Appellant.

*June 5—June 26, 1957.*

From a summary judgment declaring the ordinance in-
valid, and enjoining its enforcement against the plaintiffs,
defendant appeals.

For the appellant there was a brief and oral argument by
*Edward A. Krenzke,* corporation counsel.

For the respondents there was a brief by *La France, Thompson, Greenquist, Zahn & Dye* of Racine, and oral argument by *Kenneth L. Greenquist*.

WINGERT, J. County boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication. *Spaulding v. Wood County,* 218 Wis. 224, 228, 260 N. W. 473; *Dodge County v. Kaiser,* 243 Wis. 551, 557, 11 N. W. (2d) 348.

The appellant county would have us find sufficient authorization to adopt the ordinance under review, in the following provisions of sec. 59.07, Stats.:

"The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language: . . .

"(64) *Peace and order.* Enact ordinances to preserve the public peace and good order within the county."

It is urged that the ordinance prohibiting sale of beer to persons under twenty-one years of age bears a direct relationship to the preservation of public peace and good order in Racine county, and so falls within the express delegation of power to the county board. Reference is made to the preamble of the ordinance, which recites in substance that the cities, villages, and towns of Racine county, other than the town of Burlington, have ordinances prohibiting sale of beer to persons under the age of twenty-one years or have licensed no establishments in which beer may lawfully be sold to such persons; that many persons eighteen to twenty-one years old evade their local ordinances by motoring to other localities in the county where beer is sold to persons of their age group, thereby creating hazards on the highways and disturbing the peace and good order of the county, and that most of the municipalities which have restricted the sale of beer to such persons lack personnel to enforce the ordinances, and the sheriff is without jurisdiction to police

such local regulations. Attention is also called to statements placed before the court by affidavits in opposition to plaintiffs' motion for summary judgment, which tend to support the recitals of the preamble.

The trial court took no testimony and made no finding on the subject of factual justification for the ordinance in the interests of peace and good order. For present purposes only, we may assume that the ordinance is beneficial as claimed.

Both sub. (64) and that part of the introductory paragraph of sec. 59.07, Stats., providing for broad and liberal construction, limited only by express language, were enacted by ch. 651, Laws of 1955. It is argued that they disclose so clearly a legislative purpose to grant broad powers to the county board to legislate generally for the preservation of public peace and good order, that the old rule of conservatism in implying county powers not expressly and specifically conferred should no longer prevail.

While the argument based on sec. 59.07 (64), Stats., might be persuasive if that legislation stood alone, we think other statutory provisions negative legislative purpose to authorize county boards to enact the type of ordinance now in question.

The legislature itself has enacted a detailed and comprehensive measure of long standing, regulating on a state-wide basis many phases of the business of selling fermented malt beverages, including beer. (Sec. 66.054, Stats.) There are extensive provisions for the licensing of dealers therein, and regulating their operations. Among other provisions is one requiring that licenses be issued subject to the restriction that "No fermented malt beverages shall be sold, dispensed, given away, or furnished to any person under the age of eighteen years unless accompanied by parent or guardian." (Sub. (9) (b).)

Sec. 66.054, Stats., contains the following further provisions:

"(12) *Local enforcement.* The common council of any city, the board of trustees of any village, and the town board of any town may adopt any reasonable rule or regulation for the enforcement of this section not in conflict with the provisions of any statute.

"(13) *Municipal regulations.* Nothing in this section shall be construed as prohibiting or restricting any city, village, or town ordinances from placing additional regulations in or upon the sale of fermented malt beverages, not in conflict with the terms and provisions of this section *but any city, village, or town may by ordinance prohibit the selling, dispensing, giving, or furnishing fermented malt beverages to anyone under twenty-one years of age when not accompanied by parent or guardian or spouse, and all such ordinances duly enacted before August 5, 1955, and otherwise valid are hereby declared to be valid. . . .*"

The italicized portion of sub. (13) was newly inserted in the state regulatory law by ch. 564, Laws of 1955.

The express delegation of power to cities, villages, and towns to enforce the provisions of the state law, to adopt nonconflicting supplementary regulations, and to raise the age limit under which sale is prohibited from eighteen to twenty-one years of age, is in our opinion inconsistent with a legislative purpose to confer like powers on county boards by the broad language of sec. 59.07 (64), Stats. The legislature having chosen cities, villages, and towns as the instrumentalities for supplementary regulation and enforcement, and particularly having conferred upon each of those municipal units the power to prohibit the sale of beer to persons between seventeen and twenty-one years of age, it would do violence to the rather plain manifestation of legislative intent, to hold that counties, though not mentioned, have the same authority. The specific provisions of sec. 66.054 (13) with respect to the local units having power to determine the age at which persons can lawfully buy beer are controlling as against the more-general authorization of county boards to enact ordinances to preserve the public

peace and good order. Where a general statute and a specific statute relate to the same subject matter, the specific statute controls. *Estate of Kirsh,* 269 Wis. 32, 36, 68 N. W. (2d) 455.

The legislature has set up a system of local option with respect to the sale of beer to persons between seventeen and twenty-one years of age, the cities, villages, and towns being the governmental units upon which the power of choice is conferred. To find in sec. 59.07 (64), Stats., a power in the county board of Racine county to override the determination of the town of Burlington, which has chosen to permit sale to anyone over eighteen, would be quite inconsistent with that local option, as it would permit the county board to substitute its judgment for that of the governing body of the town. We are satisfied that no such overriding power was conferred upon the county.

In this connection it is worthy of note that when Substitute Amendment No. 1, S., to Bill No. 780, A., which became ch. 564, Laws of 1955, was before the senate, an amendment was offered which would have conferred upon the counties, instead of the cities, villages, and towns, the power to prohibit the sale of fermented malt beverages to persons under twenty-one years of age when not accompanied by a parent or guardian or spouse. This amendment was defeated.

Our conclusion is not inconsistent with *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82, or *Fox v. Racine,* 225 Wis. 542, 275 N. W. 513, cited by appellant. In the *Hack Case,* which arose in 1930, a city ordinance prohibiting and penalizing the sale of intoxicating liquor, which had been adopted in the presence of the Eighteenth amendment and the Severson Act,[1] was held valid under a general power conferred upon cities to act for their good order and for the health, safety, and welfare of the public. The ordinance did

---

[1] A state statute prohibiting sale of intoxicating liquors, which was repealed in 1929.

not purport to make unlawful what would otherwise be lawful, and the court found in the repeal of the Severson Act no intent to limit the power of municipalities to penalize conduct still prohibited by the constitution of the United States. In *Fox v. Racine,* a city ordinance adopted under the home-rule power prohibiting dance marathons was held valid in the presence of a state statute prohibiting such marathons lasting over sixteen hours, on the ground that there was no conflict between the ordinance and the statute, the ordinance merely complementing the less-drastic state legislation.

In neither of those cases was there any manifestation of legislative purpose to exclude the city from the power to legislate in the premises. In the present case, however, for the reasons we have stated, we consider that the legislature has conferred upon cities, villages, and towns a local option which is inconsistent with the exercise of the claimed power by the county and negatives legislative intent to authorize county action.

Since we concur with the circuit court that the legislature has not authorized the county board to adopt the ordinance in question, it is unnecessary to consider the constitutional question whether such power would be of a "local" character which could be conferred upon a county board in the presence of sec. 22, art. IV of the constitution.

*By the Court.*—Judgment affirmed.