GEORGE H. HANDY, M.D., State Health Officer
You have requested my opinion on the legality of a number of provisions of Resolution No. 5-17 recently adopted by the Door County Board of Supervisors. You advise that the Resolution authorizes the Door County Health Commission and the Door County sanitarian to act as follows: *Page 210 
1. To permit the installation of and to supervise the operation of individual sanitary systems for experimental purposes, including mechanical aerobic systems and sand filtration systems.
2. To allow the depth of bedrock restrictions of the Division of Health relating to drain fields to be met by filling pursuant to the Door County sanitation ordinance.
Part of the statutory definition of plumbing under sec. 145.01 (1) (b), Stats., includes private sewage treatment and disposal systems. Power of the department to adopt rules with respect to plumbing is derived from sec. 145.02 (2), Stats., which reads:
"The department shall have general supervision of all such plumbing and shall after public hearing prescribe and publish and enforce minimum, reasonable standards therefor which shall be uniform so far as practicable. The state health officer or any employe designated by the department may act for the department in holding such public hearing."
Pursuant to the foregoing rule-making authority, the State Board of Health (now the Division of Health) adopted a plumbing code in 1948. This code and its amendments have the effect of law in the form of minimum standards which are statewide in application. Sec. 145.13, Stats.
Pertinent provisions of the Code read as follows:
"H 62.015 Approval on experimental basis. Materials, fixtures, appurtenances, devices, appliances, system designs and layouts other than those set forth in this code may be approved by the division administrator for specific installations or for experimental use or for trial purposes.
"H 62.20 Private domestic sewage treatment and disposal systems. (1) Approvals and Limitations. (a) Allowable use. Septic tank and effluent absorption systems or other treatment tank and effluent disposal systems as may be approved by the department may be constructed when no public sewerage system is available to the property to be served or likely to become available within a reasonable time. All domestic wastes shall enter the septic or treatment tank unless *Page 211 
otherwise specifically exempted by the department or this section.
"* * *
"(2) (d) 6. Filled area. A soil absorption system shall not be installed in a filled area unless written approval is received from the department."
The foregoing provisions of the Code are in conflict with the previously enumerated provisions of Resolution No. 5-17. An initial question arises as to which provisions are controlling.
It has long been recognized in Wisconsin that the legislature may delegate to administrative agencies the authority to exercise such legislative power as is necessary to carry into effect the general legislative purpose to make public regulations interpreting the statute and directing the details of its execution. Schmidt v. Department ofResource Development (1967), 39 Wis.2d 46, 158 N.W.2d 306.
Specific delegation by the legislature to an administrative agency of the same power delegated to municipalities has been held to give the agency power to overrule or supersede action taken by the municipality. 2 Am. Jur. 2d, Administrative Laws, § 210.
Section 145.02 (2), Stats., authorizes the department to prescribe, publish and enforce minimum, reasonable standards in private sewage disposal treatment. It has general supervisory power in accordance with the terms of the statute. Supervisory power means what is implies. If counties were free to do as they please, the supervisory power of the department as announced by the legislature would be a meaningless phrase. The department would be relegated to the status of a mere advisor rather than a supervisor.
On the other hand, county boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication.Maier v. Racine County (1957), 1 Wis.2d 384, 84 N.W.2d 76. Spaulding v.Wood County (1935), 218 Wis. 224, 260 N.W. 473. *Page 212 
Under sec. 59.07 (51), Stats., a county may adopt building and sanitary codes and make necessary rules and regulations in relation thereto. Nothing in the statutes prohibits experimental use of mechanical disposal units or the use of fill for soil absorption purposes as proposed by the county resolution in this matter. Nor do the statutes authorize these activities. In view of such silence, and in accord with the limited prescription of a county's general authority, I must conclude that the policy established by the plumbing code and the department supersedes the resolution of the county board in these matters.
It has been asserted that Resolution No. 5-17 is valid because it sets higher standards than those prescribed by the department. This argument assumes that mechanical systems contemplated by the board are superior to methods approved by the department. It appears to me that the factual assumption underlying this contention can be answered only by experts. However, from the standpoint of pure logic, the argument is self-defeating. Removal of restrictions cannot be equated with an increase of them. Moreover, the Resolution itself suggests that it was proposed to avoid rather than stiffen regulations recently adopted by the department.
The pertinent portion of the Resolution reads:
"Whereas, these new state regulations will restrict new construction, prevent increases in our tax base, and result in the pollution of our waters through the increased use of holding tanks."
There is no record before me upon which to base a ruling with respect to the reasonableness of the department's rules. However, the governmental structure in this matter indicates that rules requiring departmental clearance for the use of mechanical disposal units in Door County and the use of filling for drain fields are reasonable requirements within the purview of sec. 145.02. Stats. To hold otherwise would strip the department of mandated supervisory authority. Unilateral decisions by a county board with respect to this situation are not contemplated by the statutes.
Agency rules which go beyond what the legislature has authorized and which are out of harmony with the conferring *Page 213 
statute are, of course, void. American Brass Company v. State Board ofHealth (1944), 245 Wis. 440 15 N.W.2d 27. But the rules promulgated by the department are valid from the standpoint of specific authority. Sec.145.02 (2), Stats. Moreover, those rules appear reasonable as to the overall purpose and in harmony with the general regulatory scheme in the matter of sewage disposal control as evidenced by other statutes. Secs.145.01 (1) (b), 145.02 (1), 145.04 (1), 145.13, Stats., and ch. 144, relating to control in other sewage matters by the department of Natural Resources.
Before leaving the subject of mechanical systems, it should be noted that the department has approved of one such system, Yeoman's Cavillette, and that it presently is testing the Cromaglass product. Further, septic systems have been individually approved where porous fill assures adequate absorption after on-the-site inspection.
You have also requested me to comment as to the legality of a provision of Door County Resolution No. 5-17, which authorizes the appointment of a citizens' committee to establish standards for experimental sanitation systems and to supervise the installations and testing of such systems.
Again it appears that the Resolution overreaches county authority in this matter. The overall purpose of ch. 145, Stats., is to insure the people of the State of a safe water supply. 26 OAG 187. Generally, only persons licensed by the department may engage in the type of work known as plumbing. Sec. 145.06, Stats. There are a number of exceptions and exemptions to the statute, but the only one that approaches supplying legal authority for this proposal of the Resolution is sec. 145.05, Stats. This statute provides that a county may hire a person other than a plumber to be a plumbing supervisor. A fair reading of this statute against the backdrop of policy and the general rule contained in sec.145.06 would indicate that it does not give counties blanket authority to appoint citizens' committees to engage in plumbing.
"A reasonable doubt as to the existence of a particular power must be resolved against the board." 21 ALR 717, 720. *Page 214 
I have been informed that Door County Resolution No. 5-17 resulted from the action of some 1500 residents. Although I am of the opinion that the Resolution transcends the prescription of county board authority, I would be remiss in failing to note that an alert, enlightened, responsible citizenry provides a key in the matter of preventing Door County and, indeed, the State itself, from becoming an island of contamination.
RWW:WLJ