DENNIS J. FLYNN, Corporation Counsel, Racine County
You have inquired as to whether a proposed county sales tax ordinance would be valid, when the sole purpose of the ordinance is to provide property tax relief in the form of credits against county taxes, municipal taxes, vocational school taxes and regular school taxes, in that order. You point out that Subchapter V of Chapter 77, Statutes, authorizes a county sales tax and that sec. 77.70 provides, in part: *Page 388 
"77.70 Adoption by county ordinance. Any county desiring to impose a local sales tax under this subchapter may do so by the adoption of an ordinance, stating its purpose and referring to this subchapter. * * *"
The proposed ordinance does refer to the subchapter and states that the purpose of the ordinance is to provide property tax relief and that the moneys derived by the municipalities from the tax may be used for no other purpose.
You ask whether the county may dictate the purposes and use to which the sales tax revenues may be put and, if so, whether the proposed ordinance is a valid implementation of that power.
It is my conclusion that the county lacks power to dictate the purpose to which the county sales tax revenues may be put.
You state that the practical effect of the tax would be that the revenues would be applied solely against property taxes imposed by Racine County and that a concomitant would be a reduction in the county property tax. Perhaps it would be more accurate to say that, if the ordinance were adopted and were valid, the county property tax would continue as at present but that the sales tax revenues would be used as a credit against the county tax. In other words, the county would not collect the property tax which it imposes and in addition the sales tax credits.
It is difficult to determine the purpose in requiring that the sales tax revenues which might flow from this ordinance must be credited first against the county property tax, then against the local municipal property tax, etc. The property owner would pay a net tax which, combined with the sales tax credit, would be sufficient to meet the taxes imposed by the various taxing entities involved. If the purpose be to effect some change in the present methods of returning delinquent taxes, I believe the ordinance would have to be more specific in order to achieve that result.
In any event, I do not believe that the county board has power to require that the local municipality apply the sales *Page 389 
tax credit to any particular purpose first. County boards have only such powers as are expressly conferred by statute or necessarily implied therefrom. Maier v.Racine County (1957), 1 Wis.2d 384, 84 N.W.2d 76. The statutes which empowers a county board to adopt a county sales tax expressly provides that the revenues from that tax are to be distributed to the cities, villages and towns within the county. The statute is silent as to how the local municipalities may use those tax revenues. Certainly it cannot necessarily be implied from the language of the statute that the county board has authority to dictate the uses to which the sales tax revenues may be put.
RWW:EWW