PAUL W. LAWENT, Corporation Counsel, Marathon County *Page 230 
You advise that Marathon County intends to create a county park commission, pursuant to the provisions of sec. 27.02, Stats. You request my opinion as to whether the city of Wausau, population approximately 32,000, may delegate its powers under the provisions of secs. 27.08 and 27.09, Stats., to such a county park commission.
In my opinion, the city of Wausau lacks authority to delegaits [delegates] powers under secs. 27.08 and 27.09, Stats., to a county park commission created for Marathon County under sec.27.02, Stats.
Section 27.02 (1), Stats., authorizes the county board of any county having a population of less than 500,000 to provide for a county park commission by resolution, subject to secs. 27.02 to27.06, Stats. The latter statutes provide for the organization of such a commission, authorize a preliminary survey of the need for parks and parkways, set forth the powers of such commission and make provision for an annual county mill-tax levy to be used exclusively under the direction of the county park commission to assist in carrying on its work.
The framework within which cities may operate their park systems is set forth in sec. 27.08, Stats., in terms which differ somewhat with those set forth for county park commissions in sec.27.02, et seq., Stats. Under the provisions of sec. 27.08, Stats., cities may place their park systems under the supervision and control of a city park board or the city's Board of Public Works, or the common council may retain control of the park system in its hands. One additional possible variation would exist, of course, in the event of a city operating under the city manager plan. Section 27.09, Stats., authorizes the body in control of the city's park system to employ a city forester, and the statute establishes a procedure whereby such body may engage in a program for the planting and removal of trees and shrubs on a special assessment basis.
Regardless of the manner in which the city park system is presently being operated, it is my opinion that the city council of the city of Wausau does not possess the authority to delegate its powers under secs. 27.08 and 27.09, Stats., to a Marathon County Park Commission established by your county board. *Page 231 
Counties are quasi-municipal corporations and have only such powers as are expressly conferred by statute or are necessarily implied therefrom. Columbia County v. Wisconsin Retirement Fund
(1962), 17 Wis.2d 310, 116 N.W.2d 142; Maier v. Racine County
(1957), 1 Wis.2d 384, 84 N.W.2d 76; Spaulding v. Wood County
(1935), 218 Wis. 224, 160 N.W. 473. I find nothing in secs. 27.02et seq., Stats., which would authorize a county to operate a city's park system under the provisions of secs. 27.08 and 27.09, Stats., or any other statute. At the same time, it is apparent that the city of Wausau lacks the authority to delegate the performance of its municipal powers under these statutes to another governmental entity.
It is the responsibility of the common council of a city, or such park authority as may be created by the common council of a city, to exercise discretion in the interest of its citizens and taxpayers in the operation, management and control of a city's park system under the provisions of sec. 27.08, Stats. Under the specific provisions of sec. 27.08 (2) (a), Stats., the city is empowered and directed:
"To govern, manage, control, improve and care for all public parks, parkways, boulevards and pleasure drives located within, or partly within and partly without, the corporate limits of the city, and secure the quiet, orderly and suitable use and enjoyment thereof by the people; also to adopt rules and regulations to promote those purposes."
Municipal corporations have no power to alienate, delegate or otherwise bargain away the police power which they are responsible for exercising in the interest of safeguarding the health, comfort and general welfare of their inhabitants. 6 McQuillin, Mun. Corp. (3d ed.), sec. 24.41, p. 558; Milwaukee v.Milwaukee Amusement, Inc. (1964), 22 Wis.2d 240, 253,125 N.W.2d 625. As stated in the McQuillin text, just cited, at page 560:
"* * * The welfare of the people is the supreme law, and the welfare of the people of a municipality is to be attained through measures adopted by their governmental representatives, exercising their own judgment and discretion, and not by others. * * *" *Page 232 
Sections 27.08 and 27.09, Stats., anticipate that a city will "adopt rules and regulations" concerning the use and enjoyment of its park system. In doing so, the city not only exercises the specific statutory authorization set forth in these statutes, but also applies its home-rule powers under the provisions of Art.XI, sec. 3, Wis. Const., and sec. 66.01, Stats. In this sense, the city's power over its parks differs from that exercised by counties.
It is difficult to appreciate how your county could effectively exercise the powers of the city of Wausau under secs. 27.08 and27.09, Stats., unless the city could surrender its authority under these statutes to the county. However a municipality's legislative power cannot be delegated. 2 McQuillin, Mun. Corp. (3d ed.), sec. 10.40, p. 845. As the Wisconsin Supreme Court most recently indicated in State ex rel. Zupancic v. Schimenz (1970),46 Wis.2d 22, 28, 174 N.W.2d 533, ". . . a municipality may not surrender its governmental powers and functions or thus inhibit the exercise of its police or legislative powers. . . ."
Finally, although sec. 66.30, Stats., provides authority to various municipalities to contract for the joint exercise of any "power or duty required or authorized by statute," the statute cannot be considered as a vehicle for shifting responsibility for the basic functions of government. 58 OAG 72, 77 (1969). Cooperative agreements between municipalities under sec. 66.30, Stats., are intended to assist in the implementation of such local governmental powers and duties, not as a substitute for them. Furthermore, there are differences between the operation of county and city park systems under the above statutes which probably would not exist if municipalities of the same kind, for instance two cities were to attempt to join in the operation of their park systems. This becomes important since sec. 66.30, Stats., authorizes joint contracts only "wherever each portion of the project is within the scope of the authority" of the contracting parties 48 OAG 231 (1959); 59 OAG 126, 134 (1970). There may be aspects of the operation of the Marathon County and city of Wausau park systems which could be more effectively implemented by cooperation under the provisions of sec. 66.30, but any such cooperation would, of necessity, fall far short of the delegation of power your question contemplates.
RWW:JCM *Page 233