WILLIAM E. CHASE, District Attorney, Ashland County
You have requested my opinion as to whether the Ashland County Board is authorized by law to appropriate funds to reimburse expenses incurred by representatives of Ashland County attending meetings of the Wisconsin Conservation Congress. You advise that the Ashland delegates currently attend these meetings at their own expense.
The Wisconsin Conservation Congress has been in existence since 1934 as an organization concerned with the conservation of Wisconsin's natural resources. Members of this Congress are elected by the sportsmen of each county at the public fish and game hearings held each year by the Department of Natural Resources and normally serve for terms of three years. The Congress serves as an influential voice of those state citizens who are actively involved with problems of conservation. This role has recently been recognized by the legislature. Section15.348, Stats., created by ch. 179, Laws of 1971, provides that:
"CONSERVATION CONGRESS. The conservation congress shall be an independent organization of citizens of the state and shall serve in an advisory capacity to the natural resources board on all matters under the jurisdiction of the board. Its records, *Page 328 
budgets, studies and surveys shall be kept and established in conjunction with the department of natural resources. Its reports shall be an independent advisory opinion of such congress."
For the reasons hereafter set forth, I am of the opinion that a county board is not authorized by law to reimburse expenses incurred by members of the Wisconsin Conservation Congress.
It is well settled that county boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication. Maier v. Racine County (1957),1 Wis.2d 384, 385, 84 N.W.2d 76; Spaulding v. Wood County
(1935), 218 Wis. 224, 228, 260 N.W. 473. See also 40 OAG 378 (1951) and the opinions cited therein.
Section 15.348, Stats., does not expressly confer legislative powers of any sort upon county governments, nor can the statute be read to impliedly authorize counties to compensate delegates to the Wisconsin Conservation Congress. Section 15.348, Stats., is solely concerned with the Wisconsin Conservation Congress and its relationship with the Department of Natural Resources. Furthermore, I find no other statute that would provide this necessary authorization.
It will be noted that, generally, where the legislature has authorized county boards to appropriate funds to particular organizations, activities or groups it has expressly done so. For example, sec. 59.07 (19), Stats., authorizes appropriations for certain celebrations and conventions; subsec. (33) for public museums; subsec. (87) for the civil air patrol, and subsec. (95) for certain cultural, artistic and educational projects and activities.
You relate that it has been suggested that a delegate is an "elected official" of his respective county and, therefore, should be paid by that county.
Counties are authorized by sec. 59.15 (3), Stats., to reimburse certain expenses incurred by county officials and employes. Section 59.15 (3), Stats., provides, in part, that: *Page 329 
"REIMBURSEMENT FOR EXPENSE. The board may provide for reimbursement to any elective officer, deputy officer, appointive officer or employe of any expense out-of-pocket incurred in the discharge of his duty in addition to his salary or compensation, * * *"
With respect to who are public officials holding public office, a general rule stated in Burton v. State Appeal Board (1967),38 Wis.2d 294, 300, 156 N.W.2d 386, quoting, with approval, fromMartin v. Smith (1941), 239 Wis. 314, 1 N.W.2d 163, is that:
"`"to constitute a position of public employment a public office of a civil nature, it must be created by the constitution or through legislative act; must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; must have some permanency and continuity, and not be only temporary or occasional; and its powers and duties must be derived from legislative authority and be performed independently and without the control of a superior power, other than the law, except in case of inferior officers specifically placed under the control of a superior officer or body, and be entered upon by taking an oath and giving an official bond, and be held by virtue of a commission or other written authority.'" Martin v. Smith, supra, page 332."
Applying this criteria, it is apparent that, in conformance with the general characteristics set forth, a delegate to the Wisconsin Conservation Congress is not a public official such that he may receive compensation from the county. First of all, his position is not specifically provided for in the Wisconsin Statutes or Constitution as are other public officials. Secondly, a delegate does not represent the county as a political entity nor does he exercise a portion of the power delegated by law to county government. Finally, a delegate takes no oath of public office nor does he post a required bond. Rather, the members of the Congress act in a body as "an independent organization of citizens." The organization structure becomes, in fact, the means by which conservation minded citizens can channel their desires to the Department of Natural Resources. *Page 330 
In view of the foregoing, you are advised that counties are not authorized by statute to pay the expenses of a person attending a meeting of the Wisconsin Conservation Congress.
RWW:JCM