CHARLES A. POLLEX, District Attorney, Adams County
You provide me with the following fact situation:
"A former employee of Adams County has recently retired. This employee worked for the County of Adams for approximately seventeen (17) years prior to January 1, 1962, the date when the County, by resolution, agreed to grant credit for prior service under the Wisconsin Retirement Fund to all its employees. As of January 1, 1962, said employee was not, however, employed with Adams County, as he had taken other employment on a temporary basis.
"Shortly after January 1, 1962, this employee came back to work for the County, and has maintained this employment to retirement. His retirement became effective in April of 1972. Some members of the County Board have indicated that they desire granting the concerned employee some form of credit for his seventeen (17) years of service prior to January 1, 1962."
Thereafter you request my opinion as to whether there is "any statutory basis or other legal authority for the county to make what could be considered as a gift to this former employe in the form of a monthly annuity." Such annuity would not be provided through or in conjunction with the Wisconsin Retirement Fund.
A county board has only such powers as are expressly conferred upon it or necessarily implied from those expressly given. DodgeCounty v. Kaiser (1943), 243 Wis. 551, 557. I find specific authority in the statutes authorizing county boards to provide hospital, accident and life insurance for county employes. See secs. 59.07 (2) (c) and 66.185, Stats. There is, however, no statutory authority authorizing counties to provide any retirement program other than through the Wisconsin Retirement Fund. Wisconsin Retirement Fund participation by every county having a population of less than 500,000 and not having previously elected to be covered is required by sec. 41.05 (9) (a) 1., Stats., which reads in part: *Page 373 
"(9) (a) 1. Notwithstanding this section every county having a population of less than 500,000 which has not hitherto elected to become a participating municipality shall on January 1, 1962, be a participating municipality."
In 39 OAG 314, in answer to a request for an opinion from the District Attorney for Adams County on a similar fact situation, the Attorney General concluded "there is no authority for any county pension system other than the one contemplated under sec. 59.073, Stats., relating to the Wisconsin Retirement Fund." (Section 59.073, Stats., permitted county participation in the Wisconsin Retirement Fund.) I am in agreement with such opinion.
I, therefore, conclude that a county board is without authority to establish an additional or alternative retirement program or system.
RWW:WMS