DANIEL G. GOLDEN, District Attorney, Portage County
You ask whether or not a county "can organize a public defender's office not as a nonprofit corporation as is currently being done but as an agency of county government." It is my opinion that a county can lawfully take such action, through its county board, pursuant to the powers granted in secs. 59.025 (3) (a) and 59.07 (5), Stats.
Section 59.025 (3) (a) provides that a county board may:
 "Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature."
Section 59.07 (5) provides in part that the county board shall:
 ". . . have the management of the business and concerns of the county in all cases where no other provision is made . . . ."
While a county board ordinarily has only such powers as are expressly conferred upon it or necessarily implied from those expressly given, Spaulding v. Wood County (1935), 218 Wis. 224,260 N.W. 473; Maier v. Racine County (1957), 1 Wis.2d 384,84 N.W.2d 76, it is stated in sec. 59.025 (1), Stats., that "it is the intent of the legislature to increase the organizational discretion which county government may exercise in the administration of powers conferred upon county boards of supervisors by the legislature," and, further, in sec. 59.025 (2), that "the powers hereby conferred . . . shall be limited only by express language."
Section 967.06, Stats., provides that "Counsel appointed to represent indigent defendants shall be compensated for services." In Carpenter and another v. County of Dane (1859), 9 Wis. 249, it was held that such obligation shall be borne by the county wherein the prosecution occurs. Since, in light of the Carpenter *Page 169 
holding, a county is not merely authorized but required to pay for legal services for indigent defendants, it would seem that a part of "the management of the business and concerns of the county in all cases where no other [statutory] provision is made" is providing and paying for such representation in a manner consonant with the best interests of the county and consistent with the constitutional right of the indigent defendant to effective representation. It is my opinion that the recently enacted sec. 59.025 (3) (a) (ch. 118, Laws of 1973) gives a county board implied power, in administering this function, to organize a public defender's office as a county agency.
You express concern whether the authority to appoint attorneys for indigent defendants pursuant to sec. 970.02 (6), Stats., remains with sitting judges where the defender's office becomes an agency of county government. Section 970.02 (6) reads in pertinent part:
 "The judge shall in all cases where required by the U.S. or Wisconsin constitution appoint counsel for defendants who are financially unable to employ counsel, unless waived, at the initial appearance. . . ."
Our Supreme Court has made it very clear that the power of appointment cannot be controlled or directed by creation of a county public defender's office. See State ex rel. MilwaukeeCounty v. Wisconsin Council on Criminal Justice, et al., decided June 30, 1976, pages 4 and 5, Slip Opinion. A judge acting under sec. 970.02 (6) in a county wherein a public defender's office has been created is free to ignore the existence of such office and to appoint private counsel to represent indigent defendants in all criminal cases. However, I am confident that no county public defender's office would be so ignored, and that judges in any county wherein such an office was created and functioning would, in the exercise of their discretion, put it to good use.
BCL:JHM