ROBERT P. RUSSELL, Corporation Counsel Milwaukee County
You state that the Health Committee of the Milwaukee County Board is considering an ordinance which would establish certain rights of residents of nursing homes, group foster homes, residential care institutions and "patients in hospitals and domiciliaries committed or admitted to the Combined Community Services Board of Milwaukee County for services." The ordinance purports to adopt the standards as promulgated in ch. 119, Laws of 1975, by reference and concedes that the State of Wisconsin is solely charged with the enforcement of ch. 119, Laws of 1975, which amended secs. *Page 46 
146.30 (2), (10)(a) and (c); 146.305 (2), (9)(a) and (c); 146.32 (2), (5)(a) and (c); and which created sees. 146.309 and 940.29
(8) and (9), Stats. The proposed ordinance sets forth the legal rights of residents, in language identical to see. 146.309, Stats., since renumbered to sec. 50.09, Stats., by ch. 170, Laws of 1977, with the exception of an attempt to extend those rights to "patients in hospitals and domiciliaries," etc., which contract with the Community Services Board. It further proposes to establish rights of advocates with respect to residents or patients and as sanctions incorporates by reference the statutory provisions on enforcement set forth in secs. 146.30 (10)(a), 146.305 (9)(a) and 146.32 (5)(a), Stats. (1975). It is noted that none of the three sections last referred to are printed in the 1975 Statutes, such sections having been affected or repealed by ch. 413, Laws of 1975.
You inquire whether the Milwaukee County Board of Supervisors has power to adopt and enforce such an ordinance.
In my opinion it may not. The Legislature has empowered the County Board only to perform inspections of licensed facilities to assure compliance with state law and to institute certain enforcement actions respecting state law only. Section 50.03
(2)(b) and (7)(c), as created by ch. 413, sec. 3, Laws of 1975, provides:
 (2)(b) With approval of the department, the county board of any county having a population of 500,000 or more may, in an effort to assure compliance with this section, establish a program for the inspection of facilities licensed under this section within its jurisdiction. If a county agency deems such action necessary after inspection, the county agency may, after notifying the department, withdraw from the facility any persons receiving county support for care in a facility which fails to comply with the standards established by this section or rules established under this section.
 (7) (c) Enforcement by counties maintaining inspection programs. The county board of any county conducting inspections under sub. (2) (b) may, upon notifying the department that a facility is in violation of this subchapter or the rules established under this subchapter, authorize the district attorney to maintain an action in the name of the state in circuit court for injunction or other process against the facility, its owner, operator, *Page 47 
administrator or representative, to restrain and enjoin repeated violations where the violations affect the health, safety or welfare of the residents.
First, the proposed ordinance is not made contingent upon approval of the Department of Health and Social Services as required by sec. 50.03 (2) (b), Stats. Moreover, the ordinance goes far beyond the inspection and enforcement of state law contemplated by sec. 50.03 (2)(b) and (7)(c), Stats. Counties are arms of the state, and county boards can exercise only such powers as are conferred upon them by statute or as are necessarily implied therefrom. Spaulding v. Wood County,218 Wis. 224, 260 N.W. 473 (1935); Maier v. Racine County, 1 Wis.2d 384,84 N.W.2d 76 (1957).
Finally, it is evident that the Legislature intended the Department of Health and Social Services to be the central supervising agency in the area of community-based residential facilities and nursing homes. Section 50.02 (1), Stats., as repealed and recreated by ch. 170, sec. 5, Laws of 1977, provides:
 Departmental authority. The department shall have authority to provide uniform, statewide licensing, inspection and regulation of community-based residential facilities and nursing homes as provided in this subchapter. Nothing in this subchapter may be construed to limit the authority of the department of industry, labor and human relations or of municipalities to set standards of building safety and hygiene, but any local orders of municipalities shall be consistent with uniform, statewide regulation of community-based residential facilities.
Also see sec. 50.02 (2)(a), Stats., as repealed and recreated by ch. 170, sec. 5, Laws of 1977. Further, "[t]he department may authorize the county in which the facility is located to carry out, under the department's supervision, any powers and duties conferred upon the department in this subsection," the subsection relating to removal of residents. Sec. 50.03 (5m), Stats., created by ch. 170, sec. 25, Laws of 1977. In addition, the Department may "designate and use full-time city or county agencies as its agents in making such inspections and investigations." Sec. 50.03 (4)(a), Stats., as created by ch. 413, sec. 3, Laws of 1975.
It follows that even if the county could enter this area under other general powers, the central supervisory role of the state agency *Page 48 
preempts all county action unless otherwise specifically provided. See Wis. Environmental Decade, Inc. v. DNR,85 Wis.2d 518, 535-537, 271 N.W.2d 69 (1978).
BCL:CDH