E. WAYNE WORTH, Corporation Counsel Wood County
You have requested my opinion as to whether Wood County can enact an ordinance prohibiting deer shining.
Deer shining has been defined as "directing a light into woods or fields where deer are likely to be." State v. Erickson,55 Wis.2d 150, 154, 197 N.W.2d 729 (1971).
It is well established that county boards have only such powers as are expressly granted or necessarily implied from the statutes. Dodge County v. Kaiser, 243 Wis. 551, 11 N.W.2d 348
(1943); State ex rel. Conway v. Elvod, 70 Wis.2d 448,234 N.W.2d 354 (1975). The only statutory provision which could possibly be construed as authorizing counties to regulate deer shining is sec. 59.07 (64), Stats., which empowers county boards to "[e]nact ordinances to preserve the public peace and good order within the county." It is my opinion that that section cannot be so interpreted.
In Maier v. Racine County, 1 Wis.2d 384, 84 N.W.2d 76 (1957), the county argued that sec. 59.07 (64), Stats., authorized it to enact an ordinance prohibiting the sale of beer to persons under the age of twenty-one. The court rejected that contention, holding, at p. 386, that: *Page 82 
 While the argument based on sec. 59.07 (64), Stats., might be persuasive if that legislation stood alone, we think other statutory provisions negative legislative purpose to authorize county boards to enact the type of ordinance now in question.
The court went on to explain that since the State Legislature had itself enacted statewide regulations controlling the sale of fermented malt beverages, and delegating enforcement powers to cities and villages, it could not have intended "to confer like powers on county boards by the broad language of sec. 59.07 (64), Stats." Id. at 387.
The Legislature has explicitly delegated to the Department of Natural Resources the authority to enact such rules as may be necessary to protect and conserve the state's wildlife. Section 29.01 (1), Stats., provides as follows:
 The legal title to, and the custody and protection of, all wild animals within this State is vested in the state for the purposes of regulating the enjoyment, use, disposition, and conservation thereof.
The Department of Natural Resources has, pursuant to that section and sec. 15.341, Stats., enacted the following Wis. Adm. Code sections:
NR 10.07 Hunting, prohibited methods.
. . . .
 (3) No person shall have in possession or under control any firearm, bow and arrow or crossbow in or on any vehicle or automobile while shining any area inhabited by wild animals.
 NR 10.10 Deer and bear hunting. (1) PROHIBITED METHODS. No person shall hunt deer or bear by any of the following methods:
(a) Shining. With the aid of artificial light.
 NR 10.102 Deer hunting. (1) PROHIBITED METHODS.
(a) No person, while hunting or in possession of firearms, bow and arrow or crossbow, shall have in possession or under control any light used for the purpose of shining deer.
The Legislature has provided for the enforcement of these rules in sec. 29.99 (5), Stats., which states: *Page 83 
 For the violation of any statutes or any department rules relating to the hunting or shooting of deer with the aid of artificial light . . . by a fine of not more than $200 or imprisonment for not more than 90 days, or both, and a mandatory 3-year revocation of all licenses issued under this chapter.
It is thus apparent that the authority to restrict deer shining lies not with county boards but with the state itself and one of its agencies.
I think the rationale of Maier is applicable here. The Legislature having delegated to the Department of Natural Resources the power to enact rules to protect wild animals, "it would do violence to the rather plain manifestation of legislative intent, to hold that counties, though not mentioned have the same authority." Id. at 387.
BCL:SE