JAMES L. THOMAS, District Attorney Waushara County
You have asked my opinion on a specific inquiry, which you state as follows: "Does a County have the authority to enact a valid ordinance prohibiting trespass to land similar to and not in conflict with sec. 943.13, Wisconsin Statutes under the authority vested in the Counties under sec. 59.07(64), Wisconsin Statutes?" My opinion is that a county does possess such authority.
Your opinion request letter has set forth in detail your county's reasons for desiring to enact such an ordinance. I need not restate those reasons; it is enough to note that they demonstrate your belief that the availability of a county ordinance prohibiting trespass, in lieu of or in addition to the statutory criminal prohibition, will provide considerable assistance to your county's law enforcement efforts during the annual deer hunting season when Waushara County is visited by some 5,000 hunters, many of whom apparently trespass with impunity on private posted land. For the sake of dealing with the specific legal question you pose, I will assume that these problems are real and substantial, and that your county board could provide a strong public interest justification for enacting the desired ordinance.
In ch. 651, Laws of 1955, the Wisconsin Legislature revised sec. 59.07, Stats., by creating an opening paragraph and subsec. (64) to read as follows: *Page 93 
 The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:
. . . .
 (64) Peace and order. Enact ordinances to preserve the public peace and good order within the county.
Prior to this statutory revision, there existed a considerable body of case law in Wisconsin that required a narrow and strict construction of county powers. This conservative view of county board powers was exemplified by such statements of judicial principle as: "The county board has only such powers as are expressly conferred upon it or necessarily implied from those expressly given." Dodge County v. Kaiser, 243 Wis. 551, 557,11 N.W.2d 348 (1943); and: "It has been held that if there be a fair and reasonable doubt as to an implied power [of a county board] it is fatal to its being." Spaulding v. Wood County,218 Wis. 224, 229, 260 N.W. 473 (1936).
If this view of county board powers were still vital, it would be difficult, and perhaps impossible, to interpret the broad general language of sec. 59.07(64), Stats., as authorizing the enactment of an ordinance prohibiting trespass to land. It is my view, however, that this old view of county board powers did not survive the 1955 revision of sec. 59.07, Stats. As stated in a previous opinion of this office, it is apparent that the statutory revision was "intended to broaden the county board's powers." 46 Op. Att'y Gen. 12 (1967).
The first step in any analysis is to seek a basis for the claimed power of the county board to act. It remains true, even after the revisions to ch. 59, that county boards only exercise such powers as are expressly granted or necessarily implied. Subsection (64) creates a broad police power residing in the county board. Under the revised statute, a county board has power to "enact ordinances to preserve the public peace and good order." This language is broad enough to include a grant of power to enact a county ordinance prohibiting trespass which would have the effect of preserving order within the county. Section 59.07
(intro.), Stats., directs us to interpret the power broadly and liberally. Giving fair play to the plainly expressed words of the statute, I am of the opinion that subsec. (64) should be broadly construed to grant to a county the authority to enact an ordinance of the type you have described, unless that power is limited by express *Page 94 
language elsewhere in the Wisconsin Statutes. I am aware of no "express language" enacted by the Legislature that would so limit a county board's exercise of its power under sec. 59.07(64), Stats., to enact an ordinance paralleling the provisions of sec.943.13, Stats.
My opinion in this respect is buttressed by the discussion of the Wisconsin Supreme Court in Maier v. Racine County,1 Wis.2d 384, 84 N.W.2d 76 (1957), and by opinions issued earlier by this office.
In Maier, the supreme court considered the validity of a Racine County ordinance, enacted under the provisions of sec. 59.07(64), Stats., which prohibited the sale of beer to any person under twenty-one years of age. The supreme court acknowledged the recent revision of sec. 59.07, Stats., and noted the following argument pressed upon it by Racine County:
 It is argued that the opening paragraph and subsec. (64) of sec. 59.07 disclose so clearly a legislative purpose to grant broad powers to the county board to legislate generally for the preservation of public peace and good order, that the old rule of conservatism in implying county powers not expressly and specifically conferred should no longer prevail.
Maier, 1 Wis.2d at 386.
This argument did not prevail in Maier, but only because the supreme court found other statutory provisions granting an express power to cities, villages, and towns to act in the area of setting age limits for purchase and sale of beer:
 While the argument based on sec. 59.07 (64), Stats., might be persuasive if that legislation stood alone, we think other statutory provisions negative legislative purpose to authorize county boards to enact the type of ordinance now in question.
. . . .
 The express delegation of power to cities, villages, and towns . . . is in our opinion inconsistent with a legislative purpose to confer like powers on county boards by the broad language of sec. 59.07(64), Stats.
Id. at 386, 387 (emphasis added). With respect to Waushara County's desired enactment of an ordinance prohibiting trespass to land, I am aware of no other conflicting or inconsistent delegation of *Page 95 
power to another governmental jurisdiction that would limit the board's power under sec. 59.07(64), Stats.
In 46 Op. Att'y Gen. 12 (1967), one of my predecessors, while cautioning that it was "impossible to foretell exactly how far the county board's powers under recently revised sec. 59.07, Stats., extend, until specific ordinances are presented to the courts for adjudication," id. at 13, nonetheless found that statutes such as sec. 59.07(64), Stats., were generally viewed as authorizations for enactment of local ordinances prohibiting disorderly conduct and public drunkenness, similar to the provisions of state criminal statutes. Id.
Furthermore, in 56 Op. Att'y Gen. 126 (1967), I noted that sec.59.07(64), Stats., might well be interpreted to give a county power to prohibit loitering, parallel to and consistent with the statutory criminal prohibition of the same conduct.
Finally, it should be obvious that a county ordinance prohibiting conduct also proscribed by a state criminal statute may not conflict with the terms and provisions of the state statute. Your inquiry appears to recognize this limitation. Assuming, therefore, that your county's desired ordinance is in fact "similar to and not in conflict with sec. 943.13, Wisconsin Statutes," I am of the opinion that the enactment of the ordinance is authorized by the statutory police power granted the county under sec. 59.07(64), Stats.
BCL:WLG