JOHN D. OSINGA, District Attorney Portage County
You request my opinion whether the Portage County Board of Supervisors has statutory authority to enact an ordinance regulating the installation and operation of emergency security and fire alarm *Page 154 
systems which would be applicable within all territory within the boundaries of a county.
You indicate that the county sheriff has voiced concern regarding problems this department has experienced with false alarms which have often been triggered by the negligence of an employe where the alarm is located.
I am of the opinion that a county board does possess such power. Whether portions of a given ordinance would be applicable within the boundaries of villages and cities having home rule powers would in part depend upon the reasons for the county ordinance, the provisions therein, the statutory authority under which it is sought to be exercised and whether cities or villages had adopted ordinances or codes involving the same subject.
It should be noted that a criminal statute does prohibit the giving of false alarms. Section 941.13, Stats., provides: "Whoever intentionally gives a false alarm to any public officer or employe, whether by means of a fire alarm system or otherwise, is guilty of a Class A misdemeanor." In my opinion the prohibition extends to security system false alarms as well as to those associated with a fire alarm.
County boards have only such legislative powers as are conferred by statute, expressly or by clear implication. Maier v.Racine County, 1 Wis.2d 384, 84 N.W.2d 76 (1957); Town of Vernonv. Waukesha County, 102 Wis.2d 686, 689, 307 N.W.2d 227 (1981). A county ordinance prohibiting the giving of false alarms to law enforcement officers, by intent or through gross negligence, and providing a penalty in the nature of a forfeiture, could be grounded upon section 59.07(64). The introduction to section59.07 provides: "The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language." Paragraph (64) provides: "PEACE AND ORDER. Enact ordinances to preserve the public peace and good order within the county." In 69 Op. Att'y Gen. 92 (1980), it was stated that this section would authorize the enactment of a county ordinance prohibiting trespass to land that is consistent with section 913.13. In 56 Op. Att'y Gen. 126 (1967), it was stated that section 59.07(64) would authorize a county to enact a curfew ordinance but that such ordinance would not be applicable in cities or villages which had *Page 155 
home rule powers and express statutory authority to enact ordinances to prohibit loitering.
The proposed ordinance you enclose contains standards as to what systems constitute approved alarm systems and provisions as to the installation of emergency alarm systems on non-county property and which in some cases are not even connected by wire to the sheriff's office. The proposed ordinance would require that alarm systems connected directly to the sheriff's office be by separate lines and not utilize existing telephone numbers, that the sheriff's department be the licensing authority, that licenses could be revoked for repeatedly actuating false alarms and that each license holder pay a license fee of sixteen dollars a year to the sheriff's department. Penalty for false alarms would be provided for by verbal warning, written warning and monetary forfeiture.
It can be argued that some type of fee could be charged where there is independent connection of wires to the sheriff's office. See sec. 59.07(1)(b) and (d)2. and 3., Stats. Reasonable fees are also appropriate with respect to the administration of a building code. However, section 59.07(51), which permits counties to enact and enforce building codes, provides: "The codes, rules and regulations do not apply within cities, villages or towns which have adopted ordinances or codes concerning the same subject matter."
Powers conferred on a county officer by statute cannot be narrowed, taken away or enlarged by the county board except in cases where the Legislature has authorized it by statute.Reichert v. Milwaukee County, 159 Wis. 25, 150 N.W. 401 (1914); 63 Op. Att'y Gen. 196 (1974). Neither section 59.23 nor any other statute of which I am aware provides that the sheriff shall or may act as a licensing agent on behalf of the county in this area and I find no express statute which would authorize the county or such office to charge or collect a sixteen dollar yearly license fee from each "license holder of an alarm system" or a one-hundred dollar yearly fee from each "alarm system operator in the County." Such persons do not appear to be "truckers, hawkers, peddlers and transient merchants" which the county may license and regulate by reason of section 59.07(18m).
You have stated that the proposed ordinance is modeled after one utilized by the City of Stevens Point. I suggest that ordinances utilized by cities and villages are not the best starting point for formulation *Page 156 
of county ordinances, since the former have much broader statutory and home rule powers than do counties.
BCL:RJV