KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You request my opinion whether Brown County, through its County Board of Supervisors or County Board of Public Welfare, can contract with a private operator for secure detention of juveniles.
You advise that Brown County does not have a separate secure detention facility and presently utilizes a portion of its county jail as a secure detention facility as authorized by section48.209, Stats., and chapter HSS 346 Wis. Adm. Code. You indicate that the county is seeking an alternative to the use of the county jail in view of an expected federal regulation which would limit aids to counties which fail to remove children from confinement in jails or other facilities shared with adult prisoners.
Section 48.205, Children's Code, sets forth the criteria necessary for holding a child in physical custody. The criteria are applicable to the intake worker and all other persons responsible. Section 48.207 sets forth the places where a child may be held in nonsecure custody and includes the home of a parent or guardian, home of a relative, "licensed" foster home, "licensed" group home, nonsecure facility operated by a "licensed" child welfare agency, a "licensed" private or public shelter care facility, a hospital, etc. Section 48.208 sets forth the criteria for holding a child in a secure detention facility. Section 48.209 provides in part:
 Subject to the provisions of s. 48.208, a county jail may be used as a secure detention facility if the criteria under either sub. (1) or (2) are met:
 (1) There is no other secure detention facility approved by the department or a county which is available . . . .
Section 48.02 (16) and (17) provides:
 (16) "Secure detention facility" means a locked facility approved by the department under s. 46.16
for the secure, temporary holding in custody of children. *Page 117 
 (17) "Shelter care facility" means a nonsecure place of temporary care and physical custody for children, licensed by the department under s. 48.66.
Under present statutes shelter homes and foster homes arelicensed by the Department of Health and Social Services, whereas jails and secure detention facilities are approved by that department. See secs. 46.16 (2), 46.17 (1), 48.02 (16) and (17) and 48.227, Stats. I am advised by a representative of the Division of Corrections that the Department has not approved any privately operated secure detention facility in Wisconsin.
In my opinion a county does not have power to contract with a private operator for the secure detention of juveniles. A county board has only such powers as are expressly conferred upon it by statute or necessarily implied from those expressly given. DodgeCounty v. Kaiser, 243 Wis. 551, 11 N.W.2d 348 (1943); Maier v.Racine County, 1 Wis.2d 384, 84 N.W.2d 76 (1957); Town of Vernonv. Waukesha County, 102 Wis.2d 686, 307 N.W.2d 227 (1981). There is no statute which expressly or by implication grants a county board or a county board of public welfare power to contract with a private operator even if we assume that such facilities could be operated by private operators. For reasons hereinafter stated, it is my opinion that a secure detention facility cannot be operated by a private entity.
As a state administrative agency, the Department of Health and Social Services has only those powers as are expressly conferred or necessarily implied from the statutory provisions under which it operates. Brown County v. H SS Department, 103 Wis.2d 37,307 N.W.2d 247 (1981). Any reasonable doubt as to the implied powers of an agency should be resolved against the existence of such authority. Kimberly-Clark Corp. v. Public Service Comm.,110 Wis.2d 455, 329 N.W.2d 143 (1983).
Section 46.16 (1) provides that the Department shall investigate and supervise all "curative, reformatory and penal institutions . . . all detention homes and shelter care facilities for children . . . ." Subsection (2) provides for licensing and issuance of permits to foster homes, child care centers, day nurseries and nursery schools but does not mention secure detention facilities. Subsections (2), (3), (4), (5) and (6) are concerned with visitation of and inspection of places *Page 118 
licensed under (2), of county homes, and places where persons convicted or suspected of crime, including juveniles, are kept. Section 46.17 (1) provides that the Department shall fix reasonable standards for certain county buildings including "jails and lockups, juvenile detention homes and shelter care facilities." Section 46.20 (1) provides that two or more counties may jointly establish a "juvenile detention home." Section 48.227
refers to privately operated runaway homes licensed under sections 48.48 or 48.75. Section 48.225 refers only to counties
as potential operators of secure detention facilities and provides: "The department shall assist counties in establishing detention homes under s. 48.22 by developing and promulgating a state-wide plan for the establishment and maintenance of suitable detention facilities reasonably accessible to each court." Section 48.22 (1)(a), (5) and (7) provides:
 (1)(a) The county board of one county may establish a secure detention facility or a shelter care facility or both or 2 or more counties may join together and establish a secure detention facility or a shelter care facility or both in accordance with ss. 46.16 and 46.20.
. . . .
 (5) A county board, or 2 or more county boards jointly, may contract with privately operated shelter care facilities or home detention programs for purchase of services. The county board may delegate this authority to county social services departments.
 (7) No person may establish a shelter care facility without first obtaining a license under s. 48.66.
Subsection (5) does not include secure detention facilities as services which a county may purchase from a private operator. In a case involving the Children's Code the Court applied the maxim,expressio unius est exclusio alterius and stated: "[I]f the legislature did not specifically confer a power, it is evidence of legislative intent not to permit the exercise of the power."State ex rel. Harris v. Larson, 64 Wis.2d 521, 527,219 N.W.2d 335 (1974). I am aware that section 48.22 (3)(a) and (b), which relates to counties having a population less then 500, 000, uses the term "public secure detention facilities and public shelter care facilities." I view the use of the word "public" as it relates to secure detention facilities as redundant, a bill drafter's surplusage, since there is no mention of privately operated secure *Page 119 
detention facilities in that section or any other statutory provision of which I am aware. Note that while the words "public shelter care facilities" are used in subsection (3)(a), the words "privately operated shelter care facilities" are used in subsection (5).1 conclude that the Legislature did not intend that the department approve privately operated secure detention facilities for juveniles.
The statutes provide that any secure detention facility used by a county must be approved by the Department of Health and Social Services. The statutes do not expressly, or by necessary implication, allow the department to approve privately operated facilities for that purpose, or for the county or its board of public welfare to contract for such services with a private operator. Therefore, the county cannot use a privately operated facility. If it becomes necessary to remove juveniles from the secure detention facility which is presently part of the county jail in order to prevent loss of federal funding, the county has a number of options to attempt to gain continued federal funding. It can proceed to establish a secure detention facility separate from such jail, it can establish a facility jointly with one or more other counties or it can contract with another county which has established a secure detention facility.
BCL:RJV