WILLIS J. ZICK, Corporation Counsel Waukesha County
You have asked whether a county is liable under sec. 53.38, Stats., for the cost of hospital care given an indigent offender in the following situation:
 The indigent offender is arrested by city police and taken directly to the hospital for treatment of serious injuries received during the commission of a crime. After his release from the hospital, the offender is removed to the county jail and charged with violation of a state criminal statute.
It is my opinion that see. 53.38, Stats., is not applicable to the fact situation you have described. The county may be liable, however, under Wisconsin's public assistance law.
Section 53.38, Stats., provides as follows:
 "If a prisoner needs medical or hospital care or is intoxicated or incapacitated by alcohol the sheriff or other keeper of the jail shall provide appropriate care or treatment and may transfer him to a hospital or to an approved treatment facility under s. 51.45
(2) (b) and (c), making provision for the security of the prisoner. The costs of medical and hospital care outside of the jail shall (if the prisoner is unable to pay for it) in the case of persons held under the state criminal laws or for contempt of *Page 246 
court, be borne by the county and in the case of persons held under municipal ordinance by the municipality. The governmental unit paying such costs of medical or hospital care may collect the value of the same from him or his estate as provided for in s. 49.08."
The first sentence of the statute imposes a duty upon a jail superintendent, in the person of either the "sheriff or other keeper of the jail," to provide for the medical care of prisoners. It also vests that individual with a discretionary power to transfer a prisoner to a hospital in order to meet this duty of care. The second sentence of sec. 53.38, Stats., provides for the apportionment of costs, between city and county, for medical and hospital care given "outside the jail."
The word "prisoner" is defined in sec. 46.011 (2), Stats., as "any person who is either arrested, incarcerated, imprisoned or otherwise detained in excess of 12 hours by any law enforcement agency of this state, except when detention is pursuant to s.51.15, 51.20, 51.45 (11)(b) or 55.06 (11)(a)." The indigent offender described in your fact situation is plainly a "prisoner" under this definition.
Section 53.38, Stats., however, clearly refers to a prisoner who is "transfer [red] . . . to a hospital or to an approved treatment facility." Moreover, the statutory scheme for apportioning the cost of the prisoner's hospital and medical care between city and county is applicable only to the cost of treatment given "outside the jail." The word "prisoner, " therefore, has a more limited meaning when used in sec. 53.38, Stats., than when defined in sec. 46.01 1 (2). As used in sec. 53.38, "prisoner" refers to a person who has been admitted to a jail and is then transferred from it, by "the sheriff or other keeper of the jail," for medical treatment "outside the jail." Thus, an arrested of the city police who has not yet been admitted to a jail is not a "prisoner" within the meaning of sec. 53.38, Stats., and its medical cost apportionment scheme.
The Legislature simply has not addressed the specific situation you have presented. The fact that the indigent arrestee is later charged with a state criminal offense is irrelevant because at the time treatment was given, the arrestee was not a "prisoner" within the meaning of sec. 53.38, Stats. *Page 247 
In the absence of any specific statutory provision for payment of the costs of medical care provided to indigent arrestees who have not yet been admitted to a jail, coverage for medical services in such circumstances would appear to exist generally under sec. 49.02 (5), Stats., of Wisconsin's public assistance law. That section provides, in pertinent part:
 "The municipality or county shall be liable for the hospitalization of and care rendered by a physician and surgeon to a person entitled to relief under this chapter, without previously authorizing the same, when, in the reasonable opinion of a physician, immediate and indispensable care or hospitalization is required . . . . Any municipality giving care or hospitalization as provided in this section to a person who has settlement in some other municipality may recover from such other municipality as provided in s. 49.11."
The payment of the arrestee's expenses would be determined, at the time such care is provided, by the arrestee's legal settlement. Legal settlement is discussed in secs. 49.10, 49.105 and 49.11, Stats. The arrestee's status as a dependent person and his eligibility for relief would be governed by sec. 49.01 (4) and (7), Stats. It should be noted that there is no indication from the statutes that the legal settlement of an arrestee is altered by the fact of arrest.
In answer to your question, liability for payment of costs for medical care under the circumstances you have described would depend upon the legal settlement of the arrestee. The cost of medical care, therefore, would fall upon the county if, at the time of the arrest and subsequent treatment, the individual had legal settlement within that county.
BCL:WLG *Page 248