GERARD S. PARADOWSKI, Acting Corporation Counsel Milwaukee County
As a follow-up to 67 Op. Att'y Gen. 245 (1978), you pose the following question:
 Is Section 49.02(5), Wis. Stats., applicable in the case of a prisoner incarcerated on a city charge taken by the keeper of the jail to a hospital for emergency medical treatment or is Section 53.38, Wis. Stats., exclusively applicable?
It is my opinion that sec. 53.38, Stats., is exclusively applicable to the fact situation you have described.
Section 53.38, Stats., provides, in part:
 If a prisoner needs medical or hospital care or is intoxicated or incapacitated by alcohol the sheriff or other keeper of the jail shall provide appropriate care or treatment and may transfer him to a hospital or to an approved treatment facility under s. 51.45 (2) (b) and (c), making provision for the security of the prisoner. The costs of medical and hospital care outside of the jail shall (if the prisoner is unable to pay for it) in the case of persons held under the state criminal laws or for contempt of court, be borne by the county and in the case of persons held under municipal ordinance by the municipality.
Your question concerns whether sec. 49.02(5), Stats., provides an alternative means of relief for hospitalization costs provided to an indigent prisoner.
 Section 49.02(5), Stats., provides in part: *Page 231 
 The municipality or county shall be liable for the hospitalization of and care rendered by a physician and surgeon to a person entitled to relief under this chapter, without previously authorizing the same, when, in the reasonable opinion of a physician, immediate and indispensable care or hospitalization is required, and prior authorization therefor cannot be obtained without delay likely to injure the patient.
Whereas sec. 49.02(5), Stats., provides relief for hospitalization and medical care costs to all eligible dependent persons, sec. 53.38, Stats., specifically provides for such relief specifically to indigent prisoners. The general statutory rule of construction is that, "Where a general statute and a specific statute relate to the same subject matter, the specific statute controls." Maier v. Racine County, 1 Wis.2d 384, 388,84 N.W.2d 76 (1957). Thus, sec. 53.38, Stats., is the appropriate statute to apply to your fact situation.
Beyond using rules of statutory construction in making this determination, the fact that relief is available to a prisoner under sec. 53.38, Stats., provides the prisoner with such means of coverage as to destroy eligibility and preclude entitlement under sec. 49.02(5), Stats. Relief under sec. 49.02(5), Stats., is furnished "only to all eligible dependent persons." Section49.02(1) and (2), Stats. A prisoner is not a "dependent person" as that term is statutorily defined. Section 49.01(4), Stats., provides: "`Dependent person' or `dependent' means a person without the present available money or income or property or credit, or other means by which the same can be presently obtained, sufficient to provide the necessary commodities and services specified in subsection (1)." The necessary commodities and services specified in sec. 49.01(1), Stats., basically comprise reasonable and adequate provision for food, shelter, clothing, and medical care. Such commodities and services are already provided or available to prisoners. Food, shelter, and clothing are provided to prisoners under sec. 53.37(1) and (3), Stats. Medical or hospital care costs are provided to prisoners under sec. 53.38, Stats. Thus, a prisoner is not entitled to relief under sec. 49.02(5), Stats., because a prisoner has such "other means" which provide for his or her basic necessities. Among such "other means" are relief from medical and hospital care costs as provided in sec. 53.38, Stats.
BCL:WHW:NB *Page 232