STATE EX REL. CONWAY, County Judge, Respondent, v. ELVOD, County Clerk, Appellant.

*No. 67 (1974). Argued October 1, 1975.—Decided October 30, 1975.* (Also reported in 234 N. W. 2d 354.)

For the appellant there was a brief by *Laurence E. Gooding, Jr., Patrick M. Ryan* and *Quarles & Brady,* all of Milwaukee, and oral argument by *Mr. Ryan.*

For the respondent there was a brief by *Dennis D. Conway* and *Cole, Conway & Brazeau,* all of Wisconsin Rapids, and oral argument by *Dennis D. Conway.*

A brief amicus curiae was filed for the Wisconsin Board of Circuit Judges and Wisconsin Board of County Judges by *Gordon Sinykin, Angela B. Bartell* and *La Follette, Sinykin, Anderson & Abrahamson,* all of Madison.

HEFFERNAN, J. The county clerk, Adrian Elvod, is appealing from the circuit court's writ of mandamus directing him, as the agent for Wood county, to continue to pay county supplements to the salary of Byron B. Conway, a county judge of Wood county. We conclude that the writ of mandamus was properly issued and that the supplement to Judge Conway's salary now in effect must be continued until such time as it is terminated according to law.

The action for mandamus was commenced by Byron B. Conway, and the parties stipulated to the facts. Judge

Conway was elected county judge of Wood county in the spring election of 1967. He commenced service of that term on January 1, 1968. He became a candidate to succeed himself in the spring election of 1973 and was elected to office. His new term commenced on January 7, 1974.

The defendant, Adrian Elvod, is the clerk of Wood county. In that capacity he is charged with the duty of paying authorized county supplements.

On May 9, 1972, the county board adopted a resolution increasing the county supplement to the Wood county judges from $1,500 to $2,000 a year. That resolution further provided that, in the event of increases in state salaries to county judges, such increases were to be deducted from the county supplement. In the event the total state salary reached $20,500 or more, the county supplement would be terminated. As a result of state legislative action, state salaries for county judges were increased to $22,974 on August 5, 1973. This date was subsequent to the re-election of Judge Conway to office in April, 1973. The county continued its payments through August 30, 1973, and effective that date all supplements were suspended by the direction of the chairman of the county budget and finance committee.

A county is totally a creature of the legislature, and its powers must be exercised within the scope of authority ceded to it by the state. *Columbia County v. Wisconsin Retirement Fund* (1962), 17 Wis. 2d 310, 317, 318, 116 N. W. 2d 142; *Kyncl v. Kenosha County* (1968), 37 Wis. 2d 547, 555, 155 N. W. 2d 583. The question, therefore, becomes a matter of statutory construction: Does the county have the authority conferred upon it by the legislature to effect a diminution or the abolition of county supplements during a term of office of a county judge, as such is defined by statute. The answer is clearly no.

Ch. 90, Laws of 1973, sets the salaries to be paid by the state of Wisconsin for county judges at $22,974 and imposed an overall annual limitation, including county supplements, of $33,500 for the period July 31, 1973, to December 31, 1974, and at the end of that period imposed a ceiling of $34,500.

In accordance with well-established principles of Wisconsin law, ch. 90 also provided, in re-creating sec. 20.-923 (1):

"The salary-setting authority of individual boards, commissions, elective and appointive officials elsewhere provided by law is subject to and limited by this section. . . ."

Sec. 66.195, Stats., provides:

"66.195 **Judicial salaries.** The governing body of any county may during the term of office of a county judge whose salary is paid in whole or in part by such county, increase the salary of such county judge in such an amount as the governing body determines. . . ."

Sec. 59.15 (1), Stats., provides that the county board, prior to the earliest time for filing nomination papers, may establish the total compensation for the ensuing term. That statute further provides:

"The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board."

Sec. 256.02 (4), Stats., imposes a further limitation on the county board, for it is prohibited "from reducing the salary or additional salary of a county or circuit judge for the term for which elected."

It is apparent from the statutes that the legislature has granted the authority to the county board to increase the salaries of county judges during a term but has expressly prohibited it from reducing the salaries during the term.

It is equally clear from the statutes that, prior to the first date on which nomination papers may be circulated, a county board may set the total compensation paid for the term to commence when the judge newly elected takes office. That is not what the county board of Wood county did in this case. It sought to terminate or diminish county supplements on the basis of a contingency not recognized by the legislature.

While the delegation of power to the county board permits an increase in salary at any time at the pleasure of the county board, the exercise of its power to decrease the supplement can only be exercised under the circumstances set forth in sec. 59.15 (1), Stats., prior to the time for filing nomination papers for a coming term, and thereafter the compensation shall remain unchanged for that term and for ensuing terms unless changed according to statute. The county board acted without statutory authority.

The county makes the fatuous argument that, since the salary of Judge Conway after the effective date of the new state salary schedule and after the date of the attempted recision of the supplements was higher than it had been before, his compensation was not decreased. The county acknowledges, however, that, if a resolution rescinded supplements midterm, the resulting reduction would be prohibited by sec. 256.02 (4), Stats.; but where as here the resolution, upon adoption, is made terminable upon an event that occurs midterm, no reduction of salary occurs. We do not follow this reasoning, for the diminution of salary upon the happening of a contingency that may occur in the future gives no legal effect to the resolution unless the contingency is one that is expressly provided for and allowed by the legislature to be used to effect a midterm salary reduction. In either event, whether a reduction of the supplement was authorized or not, there undisputably was a diminu-

tion of compensation. It is equally undisputable that the contingency upon which the county relies and which is of its own creation is not one provided by law.

The trial judge carefully and exhaustively pointed out the public policy factors behind laws that restrict the diminution of judicial salaries during a term of office. Those factors need not be repeated here, because the state statutes under which the county, as a body of limited and enumerated powers, must operate recognize that policy and permit no midterm diminutions of salaries.

While we agree with the trial judge's statement that linking the county supplement to state salary increases operates to pre-empt the legislature's authority and discretion, we need not address ourselves to that point, since what the county has attempted to do here was unauthorized and constituted an unsanctioned interference with the legislature's authority to fix and increase county salaries.

The county argues that, under sec. 253.07 (2), Stats., the additional compensation paid to each county judge shall be the same. The county argues that this legislative restriction would make it substantially impossible for a county having county judges whose terms end on different dates to legally exercise the power in regard to salary supplements in accordance with sec. 59.15 (1). This is possibly correct. Under the statutes as they now stand, it would be substantially impossible for counties whose judges have staggered terms of office to diminish county supplements. This issue, however, is not raised in this case, since we take judicial notice of the fact that the terms of the county judges in Wood county are fully coterminous. Accordingly, the parties here have no standing to have their litigation determined on the basis of how the legislature's enactment may affect other counties not similarly situated.

The question that may arise under sec. 253.07 (2), Stats., in counties where judicial terms are staggered and in which a county seeks to diminish compensation has not been addressed by the legislature. Without deciding that question, it would appear that the appellant's contention that such counties are denied the power to decrease supplements to judges may be a correct statement of present legislative policy. The reconciliation of that problem, however, cannot be decided by this court.

It is apparent from the undisputed facts that the purported implementation of the resolution that suspended supplemental payments to Judge Conway after August 30, 1973, decreased his compensation during the term he was then serving and decreased the compensation for the term which commenced in January of 1974. Such action by the county clerk was in violation of secs. 59.15 (1), 256.02 (4), and 20.923 (1), Stats., and accordingly is void.

The trial judge correctly found that the provision of the resolution which grants a $2,000 annual supplement to county judges in Wood county remains in effect and cannot be made inoperative for the term in which the plaintiff was elected in April, 1973, and which he commenced to serve in January, 1974.

The county board acted without statutory authority in attempting by the procedure employed to eliminate the county supplement.

*By the Court.*—Writ affirmed.