ROBERT R. FLATLEY, Corporation Counsel, Brown County
The Wisconsin Information Service is a nonprofit organization which, in response to telephone inquiries, provides information on the various public and private agencies in Brown County, including services they provide, in an effort to direct people to the agency which can best provide assistance on their particular problem. The Information Service has been funded through a federal grant which is now due to expire, and has requested that the County Board appropriate $8,000 to the agency so that it can continue its services.
The first of your three questions is:
1. May the County Board appropriate funds to a nonprofit, voluntary agency which provides information to the public on the services offered by various public and private agencies in the county?
I am of the opinion that it cannot.
In Maier v. Racine County (1957), 1 Wis.2d 384, 385,84 N.W.2d 76, it was stated:
 "County boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication. Spaulding v. Wood County, 218 Wis. 224, 228, 260 N.W. 473; Dodge County v. Kaiser, 243 Wis. 551, 557, 11 N.W.2d 348." *Page 209 
I have been unable to find express authority for an appropriation for the purpose stated in any of the many subsections of sec. 59.07, Stats., or in any section of ch. 59, Stats.
Section 59.07 (95), Stats., does provide:
 "CULTURAL AND EDUCATIONAL CONTRIBUTIONS. Appropriate money for cultural, artistic, educational and musical programs, projects and related activities, including financial assistance to nonprofit corporations devoted to furthering the cultivation and appreciation of the art of music or to the promotion of the visual arts."
In 61 OAG 316 (1972), it was stated that the word "educational" as used in sec. 59.07 (95), Stats., is limited to activities connected with the fine arts. It could not, in my opinion, be expanded to include education of the public with respect to awareness of all public and private agencies and the services they offer in any county.
Undoubtedly, the legislature could authorize counties to expend money for such purpose, and it would in that case be a proper public purpose. However, the mere fact that certain benefits to the public would accrue does not justify the appropriation. InPugnier v. Ramharter (1957), 275 Wis. 70, 81 N.W.2d 38, the court held that unless expressly authorized by statute, a town could not appropriate money to charitable organizations even though the causes promoted were generally recognized as good ones. At p. 74, the court stated:
 "In the absence of legislative authorization, a municipality cannot apply its public funds to the payment of claims or obligations which are founded upon mere moral or equitable considerations, and are not enforceable against the municipality by legal process. . ."
Your second question reads:
2. If the County Board cannot make such an appropriation, can the appropriation be made by the Section 51.42 Board or by the Board of Public Welfare?
I am of the opinion that neither the Section 51.42 Board nor the County Board of Public Welfare has any power to appropriate *Page 210 
money from the county treasury. Appropriations are made to such boards, as county agencies, by the County Board, to be expended by them in such manner and for such purposes as stated in the budget and are authorized by statute. See sec. 65.90, Stats., relating to municipal budgets and authority to transfer funds between budgeted items of individual county offices or departments. See sec. 51.42 (3) (b), Stats., as to power of County Board to make appropriations to the Section 51.42 Board and to review and approve the overall plan, program and budgets proposed by such board. See sec. 46.21 (6) (b), Stats., as to authority of the County Board to make appropriations to the County Board of Public Welfare and purposes for which such appropriations shall be used.
Your third question is:
3. Could the Section 51.42 Board or the Board of Public Welfare provide the funds by entering into a contract to purchase services from the agency?
A specific answer is not possible in the absence of more facts. As a general rule, however, both the Section 51.42 Board and the Board of Public Welfare may purchase services so long as those services are relevant to their respective missions.
Under sec. 51.42 (5) (e), Stats., a Community Mental Health, Mental Rehabilitation, Alcoholism and Drug Abuse Board has authority to provide for "public informational and educational services." Pursuant to sec. 51.42 (5) (h) 3 and 7, such board can utilize available community resources and can enter into contracts to render services to or secure services from other agencies.
Under sec. 46.22 (5) (e), Stats., the County Board of Public Welfare can furnish services to families or persons other than the granting of financial or material aid where such services may prevent such persons from becoming public charges or restore them to a condition of self-support. Under sec. 46.22 (5m), Stats., such board may contract "with public or voluntary agencies or others" to purchase or furnish services authorized by statute.
The County Board could appropriate, and may have appropriated, funds for the particular educational and informational purposes outlined above. To the extent that such funds have been appropriated for such purposes, each board would *Page 211 
have power to contract with a voluntary agency for the furnishing of such services. It is a matter of policy for each board to determine whether such services can be furnished directly by employes of each board, county department supervised, or by a private agency.
The programs supported by each board may well benefit from all, some or none of the services presently rendered by the Wisconsin Information Service. The information you have furnished does not reflect the extent of the services presently furnished by that voluntary association, nor the method used by such agency to insure delivery of its services to persons in need or in potential need of the services supervised by either board.
BCL:RJV