GLENN L. HENRY, Corporation Counsel Dane County
You request my opinion as to the authority of Dane County to fund private nonprofit corporations which render services to persons within the entire Dane County community, rather than directly and solely to the clients of statutory county agencies such as the County Board of Public Welfare and secs. 51.42 and51.437 boards. You state that thirty-eight voluntary nonprofit agencies have applied for county funding for 1979 in the aggregate amount of about $940,000. Thirty-five such organizations were listed on the sheet attached to your letter. You have advised the county executive that any funding of nonprofit corporations, in the absence of specific statutory authority, must be done through the purchase of service contracts through the Human Services Board and other boards which have authority to expend money for the purpose requested by the nonprofit corporations.
 I am generally in agreement with your conclusion. *Page 298 
You indicate that Dane County has considered the creation of a county community relations-social development commission pursuant to sec. 66.433, Stats. You specifically inquire:
1. Can the county board, through such commission, fund certain community-wide nonprofit corporations by setting forth in the commission's budget the amount of money to go to a specific nonprofit agency?
In my opinion it cannot.
2. If a sec. 66.433 commission is created, would sec. 59.025 (3)(C), Stats., permit the county board to transfer all of the duties and functions of such commission to another board, commission or committee of the county board?
I conclude that such duties and functions cannot be so transferred.
In my opinion the county board could not set forth in the commission's budget the amount of money which it intended to go to a specific nonprofit agency. Whether the sec. 66.433 commission is to cooperate with any specific nonprofit agency is a matter for such commission. Section 66.433 (3), Stats., expressly grants certain powers to the commissions, and in my opinion, whereas the county board can abolish the commission, it cannot take those powers from the commission or transfer them to a committee of the county board. The county board need not designate the commission as the agency to accept federal funds under sec. 66.433 (7), Stats.
The power of a county board to reorganize and transfer functions between certain offices and departments under sec. 59.025, Stats., is broad; but as sec. 59.025 (2), Stats., provides, "The powers hereby conferred shall be in addition to all other grants and shall be limited only by express languagebut shall be subject to the constitution and such enactments ofthe legislature of statewide concern as shall with uniformityaffect every county."
In 63 Op. Att'y Gen. 182 (1974), it was stated that functions of a community relations-social development commission authorized under sec. 66.433, Stats., are not limited to study, analysis and planning; but such commissions have authority to carry out limited human relations programs which provide services directly to citizens. The primary powers of such a commission are in the areas of study, analysis and planning. Although sec. 66.433 (3)(C)2., Stats., *Page 299 
permits such commission to cooperate with state and federal agencies "and nongovernmental organizations having similar or related functions," and subsec. (8) permits county boards to "appropriate county funds for the operation of community relations-social development commissions . . . including those participated in on an equal basis by nonprofit corporations located in the county and comprised primarily of public and private welfare agencies devoted to any of the purposes set forth in this section," I find no specific authority for the county board directly or indirectly to appropriate county funds to such nonprofit corporations. Participation on an equal basis does not mean that county funds shall pay the costs of operations performed by the cooperating agency. County appropriations are limited under sec. 66.433 (8), Stats., for the operation of the commission.
In my opinion the Legislature intended that the public funds appropriated to such commission be expended by it under thedirection and control of the commission as composed under sec. 66.433 (4), Stats. Insofar as those functions involve the exercise of judgment and discretion, they are not delegable.Steele v. Gray, 64 Wis.2d 422, 430, 219 N.W.2d 312,223 N.W.2d 614 (1974). The requirements as to qualifications and nonpartisan nature of commissioners and the fact that they are to serve without compensation appear to constitute express statutory language which would preclude transfer of functions and duties to a committee of the county board. See sec. 66.433 (4) and (5), Stats. Also see sec. 66.433 (7), Stats., which provides for a check and balance system as between the commission and the county board with respect to the acceptance of federal funds. In my opinion the statute is one of "statewide concern as shall with uniformity affect every county." Therefore, it is my opinion that sec. 59.025 (3) (c), Stats., would not authorize transfer of some or all of its functions to another board, commission or committee of the county board. See discussion of "statewide concern" and "uniformity" in Thompson v. Kenosha County, 64 Wis.2d 673,221 N.W.2d 845 (1974).
There are only a few statutes which permit a county board to appropriate funds directly to a private, nonprofit corporation.See sec. 59.07 (93), (95) and (96), Stats. A county is simply the arm of the state and county boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication. *Page 300 Maier v. Racine County, 1 Wis.2d 384, 385, 84 N.W.2d 76 (1957);Dane County v. H SS Dept., 79 Wis.2d 323, 255 N.W.2d 539 (1977);State ex rel. Conway v. Elvod, 70 Wis.2d 448, 234 N.W.2d 354
(1975); 63 Op. Att'y Gen. 297 (1974); and 64 Op. Att'y Gen. 106 (1975). Although counties have somewhat broader powers than do towns, that is largely the result of a more comprehensive scheme of statutes, and I do not find any statute which would permit the county board to appropriate funds directly to each of the thirty-eight agencies you refer to. In 64 Op. Att'y Gen. 208 (1975), it was stated that a county board was without power to appropriate funds to a voluntary agency which provides information to the public of services offered by various public and private agencies, but that where the statute permitted a county agency to furnish service within a given area also permitted such county agency to contract with others for the furnishing of such services, such agency would have power to contract with a voluntary agency for the furnishing of such service. At page 209 it was stated:
 Undoubtedly, the legislature could authorize counties to expend money for such purpose, and it would in that case be a proper public purpose. However, the mere fact that certain benefits to the public would accrue does not justify the appropriation. In Pugnier v. Ramharter (1957), 275 Wis. 70, 81 N.W.2d 38, the court held that unless expressly authorized by statute, a town could not appropriate money to charitable organizations even though the causes promoted were generally recognized as good ones. At p. 74, the court stated:
 "In the absence of legislative authorization, a municipality cannot apply its public funds to the payment of claims or obligations which are founded upon mere moral or equitable considerations, and are not enforceable against the municipality by legal process. . ."
See sec. 46.036, Stats., as one example of a statute under which the Legislature has expressly regulated county agencies, to-wit, the county board of public welfare or a board established under secs. 51.42 or 51.437, Stats., with respect to the purchase of care and services.
In conclusion, I suggest that the county and its various boards and commissions should primarily be interested in determining how they *Page 301 
can most efficiently and economically carry out the programs mandated by statute. In cases where the statutes permit the purchase of services from private or nonprofit corporations, consideration should be given to whether paid staff can fulfill the assigned mission or whether purchase of services should be utilized. Where purchase is to be utilized, care should be taken in the selection of the supplier to assure that clients and the general public are being served properly and efficiently. The emphasis, insofar as the county board or responsible board or commission is concerned, should not be "how we can directly or indirectly fund" some worthy nonprofit agency which may have volunteered its services in an area of public concern and now wants public funding, but rather on how the public shall best be served in view of the limitations of authority and funds.
BCL:RJV