WILLIAM D. BUSSEY, District Attorney Bayfield County
In an opinion issued on December 7, 1978, 67 Op. Att'y Gen. 277 (1978), it was stated that:
 I must conclude that the distribution of payments received from the federal government under 31 U.S.C. sec. 1601, et seq., is not governed by sec. 59.20
(13), Stats., but rather is paid directly to the counties for any governmental purpose and should be received under the general authority contained in sec. 59.20 (1), Stats.
(Emphasis added.) *Page 24 
You now inquire, "May a county which has received payments in lieu of taxes under Section 1 of P.L. 94-565 (90 Stat. 262) [2662] distribute such payments to the towns in which national forest lands entitling the county to such payments are located?"
I am of the opinion that the county is without power to distribute such payments to the towns in question. Your question is concerned with sec. 1 payments. Whereas the federal statute and regulations require a county to pass through to other units of government and local school districts a proportion of payments received pursuant to sec. 2 of Pub.L. No. 94-565, 90 Stat. 2662, there is no similar provision with respect to sec. 1 payments.See 31 U.S.C. secs. 1601, 1602 and 1603 and 42 Fed. Reg. 51,581
(1977).
Title 31, sec. 1 monies are not payable to the states but are payable directly to the units of government which the Secretary of the United States Department of Interior has determined to be qualified to receive the payments. Such authority has designated counties as the principal provider of governmental services affecting the use of entitlement lands and as the unit of general government to receive payments under the act in Wisconsin. See42 Fed. Reg. 51,581 sec. 1881.0-5 (b)(1) and interpretation at 51,580. 42 Fed. Reg. 51,582 sec. 1881.2 provides. "The monies paid to entitled units of local government may be used for any governmental purpose . . . ." I do not find legislative intent at the federal level which would encourage local units of government, which have been deemed entitled by federal authorities as the principal providers of governmental services, to directly share any of the federal funds provided with smaller units of local government which may provide certain of the enumerated governmental services with respect to the entitlement lands.
Counties have statutory authority to "[a]ccept donations, gifts or grants for any public governmental purpose within the powers of the county." Sec. 59.07 (17), Stats. The funds when received under sec. 59.20 (1), Stats., are part of the general fund and can be appropriated by action of the county board for any governmental purpose within the powers of the county.
County boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication. Maier v. Racine County, 1 Wis.2d 384, 385,84 N.W.2d 76 (1957); Dane County v. H SS Dept., 79 Wis.2d 323,255 N.W.2d 539 (1977); *Page 25 
and State ex rel. Conway v. Elvod, 70 Wis.2d 448, 234 N.W.2d 354
(1975). I am not aware of any statute which would authorize a county board to directly appropriate all or part of the federal monies received by the county to a town on the premise that certain of the entitlement lands are located within the boundaries of the town. In any event, in Wisconsin the computation of the amounts due the county is based on the number of acres of entitlement land within the boundaries of the countyand the population of the county. See 31 U.S.C. sec. 1602.
There are many statutes, however, which would enable a county board to indirectly aid the town in which the entitlement lands are located. The location, construction, operation and improvement of county buildings, recreational projects or roads in a town having national forest or national park lands within its boundaries could be considered. Intergovernmental cooperation pursuant to sec. 66.30, Stats., could be considered in areas where a town has substantially similar powers as the county. In my opinion the county board could properly consider the fact that the county had received monies from the federal government for entitlement lands and the location of such entitlement lands within smaller units of local government in determining the desirability and need for locating, constructing, operating or improving projects, buildings or roads within the boundaries of such town or towns.
BCL:RJV