MARK S. GEMPELER, Corporation Counsel Waukesha County
You request my opinion as to the obligation of Waukesha County to provide continued life insurance coverage under sec. 753.07
(4), Stats. Section 753.07 (4) states in part:
 As state employes, county court judges . . . who are denominated or become circuit court judges . . . on August 1, 1978 . . . shall have the option of remaining as participants under county life and health insurance programs to the extent of their participation in such programs on February 1, 1978. The state treasurer shall semiannually pay to the county treasurer, pursuant to a voucher submitted by the clerk of circuit court to the administrative director of courts, an amount equal to the state contribution for life and health insurance for other comparable state employes. The county shall pay the cost of any premiums for life and health insurance exceeding the sum of the state contribution and the employe contribution as required under the county programs.
Specifically you ask whether the county's obligation to provide life insurance is indefinite or whether the obligation terminates when the county salary supplements terminate. namely, July 1, 1980, under sec. 753.071 (2), Stats.
It is my opinion that the county's obligation to continue life insurance for those judges who have exercised the sec. 753.07
(4), Stats., option does not terminate when the county salary supplements end, but continues while the judge serves as a circuit judge for Waukesha County. The specific portion of sec.753.07 (4), Stats., to be construed does limit the "option of remaining as participants under county life and health insurance programs to the extent of their participation in such programs on February 1, 1978." Nothing is said, however, in subsec. (4) that limits participation in the county insurance plan to any specific period of time.
The primary source to use in construing a statute is the language of the statute itself. Milwaukee Police Asso. v.Milwaukee, 92 Wis.2d 175, 180, 285 N.W.2d 133 (1979). Section753.07 (4), Stats., by clear language gives the subject judges the option to participate in *Page 135 
county life insurance programs "to the extent of their participation in such programs on February 1, 1978." Generally, a statute must be ambiguous before resort is properly made to matters outside of the statutory language to determine the meaning intended. State v. Tollefson, 85 Wis.2d 162, 167,270 N.W.2d 201 (1978). I do not consider sec. 753.07 (4), Stats., to be ambiguous even though it does not specify July 1, 1980 (the county supplement termination date), or any other such date, as an ending date. The transitional benefit provided in such statutory section is self-limiting in that it provides a benefit limited to participation on February 1, 1978. While there is the probability that the county life insurance coverage will be excess coverage over the full coverage provided under the state life insurance program after July 1, 1980, action by the court to reduce its coverage is not provided by law. See State ex rel.Conway v. Elvod, 70 Wis.2d 448, 452-53, 234 N.W.2d 354 (1975). The Legislature has given the county no authority to alter the "extent of participation in such programs on February 1, 1978."
You are further concerned that the private insurance company providing the Waukesha County group life insurance plan will no longer insure the judges as county employes, under the group policy, after the county salary subsidy ends on. July 1, 1980. The county group life insurance contract apparently limits coverage to county employes. You question, therefore, whether sec. 753.07 (4), Stats., has the effect of changing the existing contract between the county and a private insurer. It is my opinion that sec. 753.07 (4), Stats., does not alter the existing group contract to make the subject judges county employes for life insurance purposes. Such statutory section merely requires the county to provide a specific life insurance benefit to a state employe. The language of sec. 753.07 (4), Stats., specifically begins with the statement "as state employes" and further provides a state contribution based upon the contribution made for "other comparable state employes." Clearly. then, the subject judges are considered to be state employes for all purposes.
Interpretation of sec. 753.07 (4), Stats., in a manner to alter the existing insurance contract between the county and private insurer could infringe upon the Wis. Const. art. I, sec. 12
prohibition against passing "any law impairing the obligation of contracts." When there is a choice of statutory interpretations, it is appropriate to select that interpretation which avoids unnecessary constitutional interpretation. *Page 136 State ex rel. Strykowski v. Wilkie, 81 Wis.2d 491, 526,261 N.W.2d 434 (1978). Correspondence you have provided indicates that, while there is no impossibility of providing coverage, group policy conversion privileges may have to be used, resulting in higher premium costs to the county. Notwithstanding the fact that sec. 753.07 (4), Stats., may not perfectly fit within the terms of the county group life insurance policy, I see no intent in such section to effect a change in the wording of the policy.
BCL:WMS