PATRICK J. FARAGHER, Corporation Counsel Washington County
You have asked for my opinion whether ordinances adopted by counties pursuant to sections 92.11 and 92.16, Stats., are applicable to the incorporated as well as the unincorporated areas of a county. Both statutes were recently amended by 1987 Wisconsin Act 27.
In considering the applicability of the county's ordinances, the starting point is the rule stated in St. ex rel. Teunas v.Kenosha County, 142 Wis.2d 498, 503, 418 N.W.2d 833 (1988): "[T]he powers of the county boards of supervisors are limited to those which are conferred by the legislature . . . ." The court also stated at 504: "It has consequently become well recognized that `a county board has only such powers as are expressly conferred upon it or necessarily implied from the powers expressly given or from the nature of the grant of power.'" Townof Vernon v. Waukesha County, 102 Wis.2d 686, 689,307 N.W.2d 227 (1981). Stated otherwise, "counties are creatures of the Legislature and their powers must be exercised within the scope of authority ceded to them by the state . . . ." Dane County v.H SS Dept., 79 Wis.2d 323, 329-30, 255 N.W.2d 539 (1977) (citingState ex rel. Conway v. Elvod, 70 Wis.2d 448, 450,234 N.W.2d 354 (1975)).
Prior to amendment, section 92.11 (1) provided: "To promote soil and water conservation or nonpoint source water pollution abatement, a land conservation committee may develop proposed county ordinances for the regulation of land use and land management practices."
As amended by section 1692ge of 1987 Wisconsin Act 27, section92.11 (1) now provides: "To promote soil and water conservation or nonpoint source water pollution abatement, a county, city or village may develop ordinances for the regulation of land use, land management and pollutant management practices." *Page 88 
As a result of the amendment, cities and villages as well as counties are authorized to develop the ordinances for the regulation of land use, land management and pollutant management practices. Even though the amendment added cities and villages as governments that could develop the ordinances, the remainder of section 92.11 remained unchanged, including section 92.11 (2)(a) which provides: "An ordinance enacted under this section may be applicable throughout the county or to any part of the county, including both incorporated and unincorporated areas." Also, as before the amendment, section 92.11 (4) provides that no ordinance adopted under section 92.11 may take effect in any town, village or city in the county unless the ordinance is approved by referendum.
Even though section 92.11 (1) now authorizes cities and villages to develop the same type of ordinances that counties may adopt, the ordinances adopted by the county under section 92.11
may still be applicable to incorporated as well as unincorporated areas. To interpret section 92.11 otherwise would be to ignore subsections (2) and (4); and statutes are not to be construed in such a way that would result in rendering a part of the statute surplusage. Teunas, at 511. To give those subsections meaning, section 92.11 must be interpreted to provide that ordinances adopted by the county may still be applicable to incorporated as well as unincorporated areas; and that county ordinances must still be approved by referendum before they can be effective in towns, villages or cities.
The express language making a county ordinance applicable to the incorporated as well as the unincorporated areas is lacking in section 92.16, however. Prior to amendment, section 92.16
provided: "A county may adopt an ordinance requiring all earthen manure storage facilities constructed after July 2, 1983, to meet the technical standards of the county and rules of the department. The department shall adopt rules for ordinances setting standards and criteria for construction of earthen manure storage facilities."
As amended by section 1692hm of 1987 Wisconsin Act 27, section92.16 now provides:
 Manure storage facilities. A county, city or village may adopt an ordinance requiring manure storage facilities constructed after July 2, 1983, to meet the technical standards of the county, city or village and rules of the department. The department shall *Page 89 
adopt rules for ordinances setting standards and criteria for construction of manure storage facilities.
In section 92.16, the Legislature has not expressly given the county authority to enact an ordinance that is applicable in incorporated areas. There is no necessary implication the county has such authority. Indeed, the implication is to the contrary because section 92.11 expressly makes the county ordinance applicable to incorporated areas while section 92.16 is silent, and because cities and villages are expressly granted the authority to enact the same type of ordinance that the county can enact.
A conclusion that the county's ordinance under section 92.16 is not applicable to incorporated areas is consistent with the statement in 56 OP. Att'y Gen. 126, 128 (1967), quoting from 20 C.J.S. Counties § 92 (1940):
 Territorial limitations. A county ordinance is effective only within the boundaries of the county. Furthermore, since municipalities and counties are separate and distinct governmental entities. . . a county ordinance which involves the exercise of any of the police powers granted to municipalities cannot be effective within the limits of municipalities located within the county.
The conclusion is also consistent with the summary of the law stated in 62 C.J.S. Municipal Corporations § 114 (1949).
The attorney general opinion cautioned that the general rule stated in C.J.S. is not always applicable in Wisconsin; but the opinion then cited statutes that expressly specify the areas covered by county ordinances. 56 OP. Att'y Gen. at 128. Section92.16, however, does not contain such express language. In my opinion, an ordinance adopted by a county under section 92.16
would be applicable only to the unincorporated areas of the county.
DJH:SWK *Page 90