HEIMERL and another, Respondents, vs. OZAUKEE COUNTY and others, Appellants.

*November 29—December 30, 1949.*

152

*Ben R. Runkel,* district attorney, for the appellants.

For the respondents there was a brief by *Tilton, Chudnow, Kastrul & Pulito,* attorneys, and *E. F. Keegan, Jr.,* of counsel, all of Milwaukee, and oral argument by *A. L. Tilton.*

A brief was also filed by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, pursuant to sec. 269.56 (11), Stats.

MARTIN,. J. The sole question to be determined is the constitutionality of sec. 86.106, Stats., created by ch. 457, Laws of 1947, which authorizes towns, cities, and villages to enter into contracts to build, grade, drain, surface, and gravel private roads and driveways, and further authorizes counties to contract with municipalities to perform such work.

In reviewing an act of the legislature the duties of the court are limited to considering whether or not the act of the legislature contravenes the provisions of the constitution. The duty of the court to do this arises from the fact that the constitution is the supreme law of the state. If the legislature passes an act which is in contravention of the constitution, and a citizen asserts a right under the constitution denied him by the act of the legislature, of necessity the court must determine which controls,—the constitution or the act of the legislature. See *Gibson Auto Co. v. Finnegan* (1935), 217 Wis. 401, 406, 407, 259 N. W. 420.

It was held in *State ex rel. Reynolds v. Sande* (1931), 205 Wis. 495, 501, 503, 238 N. W. 504, that while a statute should be held valid whenever by any fair interpretation it may be construed to serve a constitutional purpose, courts cannot go beyond the province of legitimate construction to save it, and where the meaning is plain, words cannot be read into it or out of it for the purpose of saving one or other possible alternative.

Defendants concede that the expenditure of public funds for a private purpose is unconstitutional, but contend that the provision of access to the public highway system is so

closely allied with the public purpose of providing the highway system itself that it too must be presumed to involve a public purpose. We cannot agree that the building of private roads is allied with a public purpose.

An adjoining landowner to a public highway system has a right of access to a public road, but that right does not require or permit a municipality to build private roads as provided by sec. 86.106, Stats.

If highway improvements are made and the highway is cut or filled or otherwise graded in front of any entrance to abutting premises, sec. 86.05, Stats., provides that a suitable entrance to the premises must be constructed as a part of the improvements. The work done by the municipality for the owner when the highway grade is changed is done to compensate him for property taken in the exercise of the police power.

Sec. 80.47, Stats., relates to the rights of owners of land abutting on any highway and provides for the common right in the free and unobstructed use thereof. If such highway is closed, used, or obstructed so as to materially interfere with its usefulness as a highway or so as to damage property abutting thereon, compensation for damages is provided. This section comes within the same category as sec. 86.05. It recognizes the right of an abutting landowner of access, i. e., egress and ingress.

Sec. 86.105, Stats., provides that a governing body of any county, town, city, or village may enter into contracts to remove snow from private roads and driveways. It is common knowledge that when public highways are snowplowed, large amounts of snow are piled into private driveways, thereby creating a greater obstruction than already existed. Then, too, this section is distinguished from sec. 86.106, for the removal of snow is an emergency situation and the public safety of the community in general is directly affected.

Defendant has also cited the following statutes and contends that they provide for improvements on private property or benefits to private individuals: Sec. 59.08 (18), Stats., which allows counties to provide for and engage in the manufacture, sale, and distribution of agricultural lime to be sold at cost to farmers and to acquire lands for such purposes; sec. 59.08 (47) which authorizes counties to purchase or accept by gift or grant tractors, bulldozers, and other equipment for clearing and draining land and controlling weeds on same, and for such purposes to operate or lease the same for work on private lands, and to charge fees for such service and rental of such equipment on a cost basis; and sec. 92.08 which is the soil-conservation statute. These are natural governmental functions and are necessary to the health, safety, and welfare of the community as a whole. The public receives no direct or indirect benefit from sec. 86.106. The construction of private roads does not tend to the preservation of the public health or the general welfare. No one is benefited except the owner of the land. The cases cited by defendants involve matters that have reference to a necessary governmental function. However, in the matter before us, the municipality may, without any limitation, construct private roads and driveways, and it is difficult to construe this work to be any governmental function.

In *State ex rel. Wisconsin Dev. Authority v. Dammann* (1938), 228 Wis. 147, 180, 277 N. W. 278, 280 N. W. 698, it was stated:

"The course or usage of the government, the objects for which taxes have been customarily and by long course of legislation levied, and the objects and purposes which have been considered necessary for the support and proper use of the government are all material considerations as well as the rule that to sustain a public purpose the advantage to the public must be direct and not merely indirect or remote."

Even if the county highway department required payment of every item properly chargeable for work done by authority of the resolution and without any ultimate cost to the county (which sec. 86.106, Stats., does not provide), until it received compensation from the city, village, or town, it would have the taxpayers' money invested in the work, money raised by a tax levy. Taxation for a private purpose is prohibited by the clause of the federal constitution that guarantees to every state a republican form of government (sec. 4, art. IV), as such a form of government forbids the raising of taxes for anything but a public purpose.

The question of the right of a city to maintain a garage in competition with private garages was before the court in *Cleveland v. Ruple* (1936), 130 Ohio St. 465, 472, 200 N. E. 507, and it was stated:

"The right of private property must be protected against careless adjudication which, step by step, may wear it away. If a public municipal building may be used by the municipality to carry on private business of one kind, there is no reason why the municipal authorities may not embark in other fields of private enterprise. The only legitimate way such an end may be accomplished is by a change in constitutional limitations."

In *Opinion of the Justices* (1892), 155 Mass. 598, 602, 30 N. E. 1142, where the right of a governmental agency to engage in the business of buying and selling of wood and coal was considered, in applying the above provisions of the federal constitution, the court said:

"The object of the constitution was to protect individuals in their rights to carry on the customary business of life, rather than to authorize the commonwealth or the 'towns, parishes, precincts, and other bodies politic,' to undertake what had usually been left to the private enterprise of individuals."

Sec. 86.106, Stats., does not limit itself to private roads and driveways which terminate on public highways. Owners

of country estates could have the county constructing and repairing many miles of private roads with no benefit to the public, but a vast benefit to the owners. Since no provision is made as to the cost of this work, certain advantages not in line with good government could and might be obtained.

Sec. 86.106, Stats., does not confer powers upon county boards of supervisors which are local, legislative, and administrative in character (sec. 22, art. IV, Wis. Const.), the only powers which the legislature may confer upon county boards. It is without limitation. Any municipality can enter into contracts with any county in the state.

Defendants contend that the act of connecting the public highway system with an individual dwelling by means of a private drive is indistinguishable in principle from the act of connecting any municipal utility, water, gas, electricity, sewer, or telephone with that individual premises and unless the latter activity can be clearly and completely distinguished, then the presumption of the constitutionality must prevail and sec. 86.106, Stats., must be held valid.

Gas, electric, water, and telephone services are supported by charges to users for such services which contemplate a connection of the users' premises to the main electric and telephone lines and gas or water mains. They are not supported by taxes. It is true that in some instances the customer owns a portion of the facilities or contributes toward their construction, but such contribution or ownership is tied to the charges for services. In the case of those sewers which are not supported by charges for services but by tax money, the customer normally pays for the sewer from the property line to the buildings and not only owns but maintains it. The municipality makes certain requirements as to its installation, but the individual user may choose who is to do the work.

Public-utility services contemplate the connection of the customers' premises, while public roads are considered to be built to give access to the property.

Those extending public-utility services, except sewers which we have distinguished, retain control of the operation and maintenance of all the facilities necessary to provide the service and are subject to governmental regulation. In the case of a private road or driveway, the only person who has control over it is the individual owner.

Enterprises that exercise the police power of a municipality to deal and act for the preservation of the public health and the general welfare of the community may be engaged in by a municipality. In order for a municipality to employ taxes to carry on a competitive business, such business must involve a public function or be concerned with some element of public utility. The cases which recognize the power to engage in such activities are not authority for defendants' contention.

Sec. 86.106, Stats., is too broad in its powers because:

1. No limitation is made as to the necessity of ingress and egress. The private driveways and roads may be constructed and repaired solely for the pleasure and convenience of the owner and to beautify his property. It is not limited to the necessity of getting to or from the public road. Public funds would be used for private purposes with no direct or indirect benefit to the public.

2. No structure is set up for charges and disbursements so that all taxpayers may be equally protected. The Ozaukee county board has set up a regular price structure for work to be done on any contract agreements; however, this is not a requirement of the statute in question. Nothing in the statute requires such a charge structure, and we cannot read such a requirement into it.

3. No restriction is made as to those counties, towns, cities, and villages where private road builders are equipped to operate, as in the present case. Thus it competes with

private persons and takes away from them the opportunity for a livelihood or a right to work. The right to engage in work is a property right. This property right cannot be infringed upon.

Sec. 86.106, Stats., would result in the appropriation and expenditure of public funds for a private purpose without any direct advantage accruing to the public and would authorize municipalities to engage in private business. It is unconstitutional therefore and the Ozaukee county resolution is invalid.

*By the Court.*—Judgment affirmed.

BROADFOOT, J. (*dissenting*). The preamble of our state constitution provides that one of the main purposes in establishing our state government is to promote the general welfare. The police powers of the state are inherent and are only limited by the constitution.

"The real object of the police power, and that indeed which in its broad sense includes every instance of its exercise, is the securing of the general welfare, comfort, and convenience of the people." 16 C. J. S., Constitutional Law, p. 550, sec. 182.

The term "general welfare" has been greatly extended as our population has grown and as new conditions have arisen. With this broad concept in mind it is clear that a reasonable construction of the statute in question shows that activities thereunder would be in the public interest.

In our day, most farm-to-market and market-to-farm transportation is by automobile or motor truck. This requires not only a system of public highways but access thereto from the farm buildings. Private driveways capable of bearing traffic most days of the year are a necessity. Over these private driveways must be transported the dairy products, livestock, and crops of the farmer, and the heavy machinery necessary for farm operations. Transportation

from the buildings has to be provided for school children, for people who are sick, for the doctor, for the merchant for the delivery of his merchandise, and for motorized fire-fighting equipment. They are convenient for social purposes in that the public in general may travel to the buildings upon the farm. However, this is not class legislation and is not confined to the farm. It embraces the improvement of private driveways to schools, churches, and private dwellings, Although the need is not as great in the villages and cities, it is still in the interest of public convenience and comfort to have a driveway from the street to the garage. If we have no private driveways the highways would become congested with parked vehicles and matters of public safety would arise. The county has machinery, capable of doing this work, that belongs to all of the taxpayers within the county. I can see no harm in permitting the people within the county to use their own machinery, particularly if it is paid for at a known rate as provided in this case by the resolution of the county board of Ozaukee county. If a town, city, village, or the county under this statute should attempt to interpret its provisions too broadly the courts are ready to stop any abuses.

The legislature is supreme in its particular field and the court should not declare laws unconstitutional unless it clearly appears beyond reasonable doubt that its action conflicts with constitutional provisions. The courts are also bound to give an act of the legislature a construction that will avoid constitutional objections to its validity if it will bear it. In this case no testimony was introduced. The opinion of the trial court was based upon suppositions and not upon facts from the record. The trial court concluded that the act was unconstitutional because it would result in the appropriation and expenditure of public funds for a private purpose without any direct advantage accruing to the public and because it purports to authorize municipalities to engage in private

business. There is nothing in the record to indicate that the expenditure of any public funds is required or contemplated.

Different states have authorized municipalities to engage in business and their activities have been held to be lawful. In addition to operating municipal utilities for furnishing water and electricity, the following activities have been approved: Municipal ice plant, municipal coal and woodyard, construction of factories to be rented to a manufacturer, municipal gasoline station, manufacture of hog-cholera serum, establishment of grain elevators and cotton warehouses, grinding of lime for agricultural use.

In my opinion activities by local municipalities under a reasonable interpretation of this statute would be constitutional. Any unreasonable activity thereunder could be enjoined by the courts.