ALEX J. RAINERI, District Attorney, Iron County
You request my opinion whether Iron County has legal authority to enter into contracts with private persons for the performance of work such as furnishing and spreading of gravel and blacktop, or furnishing trailering services for heavy equipment on private roads or driveways.
I am of the opinion that the county is without such power.
Present statutes do not permit either the county board or the county highway committee to exercise such power.
Counties have only such powers as are expressly granted by statute or necessarily implied.
Dodge County v. Kaiser (1943), 243 Wis. 551, 11 N.W.2d 348;
Maier v. Racine County (1957), 1 Wis.2d 384, 84 N.W.2d 76.
Section 83.018, Stats., provides:
"Road supplies; committee may sell to municipalities. The county highway committee is authorized to sell road building and maintenance supplies on open account to any city, village, town or school district within the county; and any such city, village, town or school district is authorized to purchase such supplies."
This statute which is limited to cooperation betweenmunicipalities was discussed in 56 OAG 1 (1957) which also expressed the opinion that the rule in the Heimerl case governs limitations on private work done by municipalities.
In Heimerl v. Ozaukee County (1949), 256 Wis. 151,40 N.W.2d 564, the court declared then sec. 86.106, Stats., unconstitutional. That section provided: *Page 305 
"Private road work by municipalities and counties. Any town, city, or village, by its governing body, may enter into contracts to build, grade, drain, surface, and gravel private roads and driveways. Any county, by its governing body, may enter into agreements with a municipality to perform for it any such work."
The court, in Heimerl, distinguished and gave indirect approval to sec. 86.105, Stats., which provides:
"Snow removal in private driveways. The governing body of any county, town, city or village may enter into contracts to remove snow from private roads and driveways."
It stated that sec. 86.105, Stats., was of an emergency nature and that the public interest of the whole community was directly affected by the accumulation of snow when large amounts are thrown into private driveways when the public roads are plowed.
It also hinted that statutes dealing with the sale, manufacture and distribution of agricultural lime at cost to farmers, as provided by then sec. 59.08 (18), Stats., and the operation and lease of bulldozers for clearing and draining lands, secs. 59.08
(47), and 92.08, Stats., might be valid functions in the interest of the general public insofar as a county was concerned. Towns do not have these broader powers.
In Garfield Investment Co. v. Town of Oconomowoc (1950),257 Wis. 98, 42 N.W.2d 361, the town had made extensive repairs to a private road for many years, sometimes using town equipment and sometimes by private contractor. In 1946, a majority of the abutting owners petitioned the town to do extensive repairs which amounted to $9,674.71. The board attempted to assess the cost against the owners, including plaintiff. Plaintiff had neither petitioned nor agreed to pay. The court held the assessment invalid. At page 100 it stated:
"The town has no commercial status, and can obtain money from its citizens only by taxation."
As a general rule, it can be stated that where the benefit is primarily private in nature, use of county or town funds and county or town equipment is prohibited. These problems were discussed in 42 OAG 88 and 50 OAG 98. As to towns, also seePugnier v. Ramharter (1957), 275 Wis. 70, 81 N.W.2d 38. *Page 306 
RWW:RJV