DENNIS J. FLYNN, Corporation Counsel, Racine County
You request my opinion whether Racine County can use county funds and county employes to improve, reconstruct, alter or repair existing homes of private citizens who do not qualify for aid under ch. 49, Stats., without utilizing a housing authority pursuant to secs. 59.075, 66.40-66.404, Stats.
Stated another way, you inquire whether a county under 500,000 population can do directly all those things referred to in secs. 66.40-66.404 and particularly sec. 66.40 (9), Stats., which it can do indirectly by creation of a housing authority. It is my opinion that it cannot. *Page 107 
Counties have only such legislative powers as are expressly granted by statute or necessarily implied. Maier v. Racine County
(1957), 1 Wis.2d 384, 84 N.W.2d 76.
In 63 OAG 297 (1974), it was stated that the provisions of sec.59.07 (1), Stats., were not sufficiently broad to permit the county to furnish housing for elderly and low-income persons where specific statutes provide for furnishing of such housing. On the other hand, however, the opinion stated that sec. 59.07
(55), Stats., applicable only to counties over 500,000 population, would permit such counties to ". . . build, furnish and rent housing facilities to persons . . . whose income is insufficient. . . ."
There is no similar statute applicable to counties under 500,000 population. Such counties can utilize a county housing authority by reason of secs. 59.075, 66.40-66.404, Stats. However, such authority is limited by the terms of the express statutes, and by reason of sec. 59.075 (3), Stats., counties cannot undertake projects within the boundaries of any city or village without the approval of the local governing board.
Your inquiry does not state that Racine County wishes to limit any construction, repair or improvement to housing owned or occupied by any specific class of citizens such as the elderly or persons of insufficient income. The legislature has by statute provided that the needs of such citizens can be met, at least in part, in a specified manner. Without question, providing for such needs does constitute a public purpose which would permit the expenditure of public funds if the provisions of secs. 59.075, 66.40-66.404, Stats., were followed.
On the other hand, the legislature has not determined that the improvement, reconstruction, alteration or repair of homes of all private citizens, regardless of financial ability, age, or location of existing property owned, is a sufficiently public purpose to permit a county to engage in such activity. Without such a determination of public purpose, the expenditure of public funds for purposes which otherwise are primarily private is prohibited. Counties have no commercial status and cannotunreasonably compete with private enterprises. Heimerl v. OzaukeeCounty (1949), 256 Wis. 151, 40 N.W.2d 564. Garfield Inv. Co. v.Town of Oconomowoc (1950), 257 Wis. 98, 42 N.W.2d 361. What constitutes a public purpose is in the first instance a question for the legislature to determine. *Page 108 State ex rel. Hammermill Paper Co. v. La Plante (1973), 58 Wis.2d 32,48, 205 N.W.2d 784. Final determination is for the Supreme Court in a proper case. Hammermill, supra, p. 50.
You also inquire whether, if Racine County were to create a housing authority, the employes of such authority, employed under sec. 66.40 (5) (c), Stats., would be county employes if Racine County were to provide the authority with most of its funds. I am of the opinion that they would not.
Section 66.40 (4), Stats., provides that when a housing authority is created it is a "public body corporate and politic." In 62 OAG 333 (1973), it was stated that such authority is not an arm, department, or agency of the municipality which created it but is an independent entity separate and distinct from such municipality. 45 OAG 180 (1956); 37 OAG 626 (1948). The employes of the authority are not paid by the county but by the authority. As stated in 62 OAG 333:
 "Section 66.404 (2), Stats., provides that the municipality or county can advance money to such housing authority for administrative expenses during the first year or appropriate money thereafter. Such funds may be treated as a donation or a loan as the municipality shall determine. Generally speaking, once received by the housing authority, such funds are beyond the control of the county and are to be used by the housing authority to pay its lawful obligations."
BCL:RJV