PHILIP J. FREEBURG, District Attorney Langlade County
You request my opinion on two specific factual situations. First, you question whether the county highway department has authority to perform snow plowing on private property. The request for an opinion on that question was orally withdrawn after your review of section 86.105, Stats., and 67 Op. Att'y Gen. 304 (1978). Second, you request my opinion as to whether the county highway department has authority to perform ditching and culvert work on private land, at cost, when the work is unrelated to highway maintenance. You state that such work is often done in farm fields, nowhere near the highway right of way. I conclude, for the reasons discussed below, that the county highway department has authority to perform ditching and culvert work on private land, but only when this work serves a public purpose such as soil conservation.
As a general rule, it can be stated that where the benefit is primarily private in nature, use of county funds and county equipment is prohibited. These problems were discussed in 42 Op. Att'y Gen. 88 (1953) and 50 Op. Att'y Gen. 98 (1961). The Legislature is the best judge of what is necessary to meet the needs of the public and determine proper public services. Stateex rel. La Follette v. Reuter, 33 Wis.2d 384, 394,147 N.W.2d 304 (1967); State ex rel. Thomson v. Giessel, 265 Wis. 185, 193,60 N.W.2d 873 (1953). Counties are creatures of the Legislature and, as such, their powers must be exercised within the scope of authority ceded to them by the state. State ex rel. Conway v.Elvod, 70 Wis.2d 448, 450, 234 N.W.2d 354 (1975); Dane County v.H SS Dept., 79 Wis.2d 323, 329, 255 N.W.2d 539 (1977). A county board has only such powers as are expressly conferred upon it by statute or which may be necessarily implied from those expressly given. Dodge County v. Kaiser, 243 Wis. 551, 11 N.W.2d 348
(1943); Maier v. Racine County, 1 Wis.2d 384, 84 N.W.2d 76
(1957). *Page 70 
Assuming the ditching and culvert work on private land promotes soil conservation the county deems necessary, statutory authority exists for local government to perform such work. Section 59.07
(137) provides that a county board "[m]ay contract to do soil conservation work on privately owned land either directly or through a committee designated by it." A county board is responsible for developing and implementing a soil and water conservation program as specified in chapter 92. Sec. 59.879 (1), Stats. Inferentially at least, soil conservation work done on private land should be pursuant to "standards and specifications" developed by the county's land conservation committee under section 92.07 (3). See also sec. 92.08, Stats.
Section 59.874 provides:
 Land clearing and weed control. The board may purchase or accept by gift or grant tractors, bulldozers and other equipment for clearing and draining land and controlling weeds on same, and for such purposes to operate or lease the same for work on private lands; charge fees for such service and rental of such equipment on a cost basis.
Compare sec. 66.34, Stats. (limits authority for any city, village or town to perform soil conservation work on privately owned land).
Although sections 59.07 (137) and 59.874 provide authority for county government to perform soil conservation work on private land, caution is warranted in the implementation of such procedures. To sustain a public purpose, the advantage to the public must be direct, and not merely indirect or remote. Stateex rel. Bowman v. Barczak, 34 Wis.2d 57, 64, 148 N.W.2d 683
(1967) (quoting State ex rel. W. D. A. v. Dammann, 228 Wis. 147,180, 277 N.W. 278, 280 N.W. 698 (1938)). Public funds must be spent for public benefit. State ex rel. Warren v. Nusbaum,59 Wis.2d 391, 421, 208 N.W.2d 780 (1973). Therefore, sections59.07 (137) and 59.874 must be narrowly construed to include several restrictions not expressly set forth in the statute. This reasoning relies heavily upon the leading case on the proper or improper use of highway equipment, Heimerl v. Ozaukee County,256 Wis. 151, 40 N.W.2d 564 (1949).
In Heimerl, the court declared section 86.106 unconstitutional. That section provided: *Page 71 
 Private road work by municipalities and counties. Any town, city, or village, by its governing body, may enter into contracts to build, grade, drain, surface, and gravel private roads and driveways. Any county, by its governing body, may enter into agreements with a municipality to perform for it any such work.
Heimerl, 256 Wis. at 153.
In declaring section 86.106 unconstitutional, the court established limitations on private work done by municipalities. It listed three areas where the statute was too broad in its powers: (1) no limitation was made regarding the road's necessity for ingress and egress; (2) no structure was established for charges and disbursements to protect taxpayers; and (3) no restriction was made to avoid the county's competition with private persons. Heimerl, 256 Wis. at 160-61. The court held that section 86.106 would result in the expenditure of public funds for a private purpose without any direct advantage accruing to the public and would authorize municipalities to engage in private business. Heimerl, 256 Wis. at 161. The court reasoned:
 Even if the county highway department required payment of every item properly chargeable for work done by authority of the resolution and without any ultimate cost to the county (which sec. 86.106, Stats., does not provide), until it received compensation from the city, village, or town, it would have the taxpayers' money invested in the work, money raised by a tax levy.
Heimerl, 256 Wis. at 158.
In Heimerl, the court distinguished and indirectly supported soil conservation statutes. The court stated that sections 59.08
(47) (which is now section 59.874) and 92.08 served "natural governmental functions . . . necessary to the health, safety, and welfare of the community as a whole." Heimerl, 256 Wis. at 157. The court's conclusion relies upon the county or community accruing a public benefit. Soil conservation has been determined to be publicly beneficial.
 When a gully starts on one farmer's field it does not respect the boundary fence but becomes a common enemy which may threaten an entire countryside, and while the farmer upon whose fields soil conservation work is performed derives a private benefit this does not negative the very large and substantial gains *Page 72 
which result to the public generally. The fact that the expenditure benefits certain individuals or one class more immediately than it does other individuals or another class does not necessarily deprive the expenditure of its public character. State ex rel. W. D. A. v. Dammann, 228 Wis. 147.
38 Op. Att'y Gen. 228, 232 (1949).
Although sections 59.07 (137) and 59.874 promote a public purpose, soil conservation, the Heimerl case imposes additional considerations such as competition with private enterprise and proper accounting procedures. Counties have no commercial status and cannot unreasonably compete with private enterprise. Garfeld [Garfield]Inv. Co. v. Town of Oconomowoc, 257 Wis. 98, 100, 42 N.W.2d 361
(1950). Sections 59.07 (137) and 59.874 provide no restriction for counties where private contractors are equipped to perform work on private land. The use of county and highway personnel and equipment to perform soil conservation work under section 66.34 was discussed in 48 Op. Att'y Gen. 263, 264 (1959), which concluded:
 Soil conservation has been deemed to be a public purpose by both the state and federal governments as evidenced by the soil conservation programs which now exist. True, the operation of these programs may in a particular instance benefit one person more than another or more than the general public. However, the carrying out of the over-all plan is obviously for the benefit of the general welfare, since it conserves a natural asset necessary to everyone. In my opinion, therefore, soil conservation work is not for a private purpose within the prohibition of the Heimerl case.
I concur with my predecessor's opinion that "soil conservation work is not for a private purpose within the prohibition of theHeimerl case." 48 Op. Att'y Gen. at 264. However, in the event a county expended large sums of public funds on ditching and culvert work which was only peripherally related to soil conservation efforts of public benefit, a court applying theHeimerl public benefit tests might find the application of these statutes inappropriate. I conclude the county highway department's ditching and culvert work on private land can be undertaken only if it promotes a public purpose such as soil conservation. However, activity in this area *Page 73 
should respect available private sector alternatives and ensure that accounting procedures will protect all taxpayers equally.
DJH:AEM *Page 74