STATE of Wisconsin, Plaintiff-Appellant,

v.

Joel R. ZARNKE, Defendant-Respondent.†

Court of Appeals

*No. 97–1664–CR. Submitted on briefs October 8, 1997.—Decided November 4, 1997.*

(Also reported in 572 N.W.2d 491.)

†Petition to review granted.

71

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael R. Cohen* of *Wachowski, Johnson & Cohen, S.C.* of Eau Claire.

Before Cane, P.J., Myse and Hoover, JJ.

HOOVER, J. Section 948.05, STATS., prohibits a variety of conduct constituting sexual exploitation of children. Joel Zarnke was charged with several crimes, including two counts of distributing pictures of children engaged in sexually explicit conduct, contrary to § 948.05(1)(c), STATS. The trial court concluded that § 948.05 was unconstitutional in that it impermissibly relieved the State from proving an element of the offense, knowledge of the minority of the child engaged in sexually explicit conduct. The trial court entered an order dismissing the charges against Zarnke. The State appeals this order. We conclude that the trial court erred by declaring the entire statute unconstitutional.[1] Further, we reverse the order dismissing the charges under § 948.05(1)(c) because this subsection does require the State to prove knowledge of the child's minority. Alternatively, § 948.05(1)(c) can and should be construed to avoid the perceived constitutional infirmity.

Zarnke was charged under § 948.05, STATS., with capturing off the Internet sexually explicit images of young boys and distributing copies of the pictures to others. Section 948.05, in pertinent part, provides:

> (1) Whoever does any of the following with knowledge of the character and content of the sexually explicit conduct involving the child is guilty of a Class C felony:
>
> . . . .
>
> (c) Produces, performs in, profits from, promotes, imports into the state, reproduces, advertises, sells,

---

[1] Zarnke concedes the error, and we therefore do not specifically address this issue.

distributes or possesses with intent to sell or distribute, any undeveloped film, photographic negative, photograph, motion picture, videotape, sound recording or other reproduction of a child engaging in sexually explicit conduct.

. . . .

(3) It is an affirmative defense to prosecution for violation of this section if the defendant had reasonable cause to believe that the child had attained the age of 18 years, and the child exhibited to the defendant, or the defendant's agent or client, a draft card, driver's license, birth certificate or other official or apparently official document purporting to establish that the child had attained the age of 18 years. *A defendant who raises this affirmative defense has the burden of proving this defense by a preponderance of the evidence.* (Emphasis added.)

Section 948.05(3), STATS., provides an affirmative defense of reasonable lack of knowledge of the child's age. Zarnke argued in a motion to dismiss that this section unconstitutionally shifted the burden to the defendant to prove lack of reasonable cause to know the children depicted in the pictures were minors. The trial court agreed, found § 948.05, STATS., unconstitutional and dismissed the charges. It relied on *United States v. X-Citement Video,* 513 U.S. 64 (1994), which concerned a federal exploitation statute proscribing some of the same conduct prohibited by the section under which Zarnke was charged. The Supreme Court held that the statute places the burden on the prosecution to prove the defendant knew the age of a child depicted in a sexually explicit picture. *Id.* at 78.

The constitutionality of a statute is a question of law we review de novo, without deference to the trial court's determination. *State v. McManus,* 152 Wis. 2d

75

113, 129, 447 N.W.2d 654, 660 (1989). Ordinarily, legislative acts are accorded a presumption of constitutionality, and every presumption favoring validity of the law must be indulged. *State v. Randall*, 192 Wis. 2d 800, 824, 532 N.W.2d 94, 103 (1995). In this case, however, both the State and defendant agree that *X-Citement Video* controls to the extent that, under the circumstances of this case, it requires proof of a defendant's knowledge of age as an element of the offense. The issue is whether the Wisconsin statute impermissibly relieves the State of proving this element by providing ignorance of age as an affirmative defense.

All concerned have looked to *X-Citement Video* for guidance in resolving the controversy. We therefore begin by considering this case.

*X-Citement Video* involved a proscription against transporting, shipping, receiving, distributing or reproducing sexually explicit pictures of children. *Id.* at 64. An entirely separate federal statute prohibited dealing directly with a child for the purpose of using the child to produce a visual depiction of sexually explicit conduct. *Id.* The federal scheme differs from Wisconsin's attempt to deter and punish sexual exploitation in that § 948.05(1), STATS., prohibits all forms of sexual exploitation of a child, whether the exploitation was remote or in the child's presence.

The *X-Citement Video* Court upheld the constitutionality of the federal statute by applying the general rule that criminal statutes are presumed to include an element of guilty knowledge or, in the case before it, knowledge of minority. *Id.* at 72. It observed that "[t]he opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distribu-

tor or receiver." *Id.* at 72 n.2. The Supreme Court acknowledged that there is an exception to the general rule that the State must prove scienter as an element of the offense where the crime charged involves personal confrontation between the accused and the child. *Id.* In such cases it is reasonable to require the defendant to ascertain the age of the person. *Id.* In these cases, the State may constitutionally make absence of reason to know the victim's age an affirmative defense or even no defense.

The State evidently believes the affirmative defense provision applies to all § 948.05, STATS., violations and therefore conflicts with the *X-Citement Video* holding that knowledge of minority is an element of the offense. It argues that the statute may nonetheless be saved by severing parts of § 948.05(1)(c), STATS., from those other portions of § 948.05(1) and (2), STATS., that may, in harmony with *X-Citement Video*, make knowledge of age an affirmative defense. Once severed, the portion of § 948.05(1)(c) at issue in this case may be constitutionally applied to Zarnke by construing it to require the State to prove knowledge of age. The State contends that, given these options, the trial court erred by declaring the whole statute unconstitutional and dismissing the two sexual exploitation charges.

Zarnke acknowledges the rule of severability, but argues, presumably under *X-Citement Video*, that it only saves those parts of § 948.05, STATS., concerning face-to-face involvement with the exploited child and not the portion of § 948.05(1)(c) that proscribes the more remote conduct enumerated therein, such as distribution, the charge against Zarnke. He contends that to read into the statute the requirement that the prosecutor prove a distributor knew the age of the child depicted in the materials contradicts the language of

and the legislative intent behind § 948.05. Zarnke contends that to construe the statute in the manner urged by the State would constitute an impermissible rewriting of language enacted by the legislature.

■

Before we address the parties' positions, we conclude independently that the legislature did not intend the affirmative defense set forth in § 948.05(3), STATS., to apply to those violations of § 948.05(1)(c), STATS., that do not concern face-to-face involvement with the child. The language of § 948.05(3) confirms the legislature's intent that a defendant does not carry the burden of proving lack of knowledge in circumstances where it is impossible to apprise oneself of the age of the person engaging in sexually explicit conduct.

Scienter, or guilty knowledge, has always been an element of criminal sexual exploitation. More precisely, it has always been the legislature's intent to prevent conviction under § 948.05, STATS., of one who was reasonably ignorant of the actor's minority.[2] Zarnke demonstrates this extant element in his discussion of legislative history. In 1987, the legislature amended the sexual exploitation statute to shift the burden of going forward with evidence regarding knowledge of age from the State to the defendant. It did not, however, change the underlying principle that one free of guilty knowledge could not be punished for sexual exploitation of a child.

---

[2] See § 55, 1987 Wis. Act 332, which created § 948.05, STATS. The drafter's note states that the new law retains knowledge as an element of the crime. It also notes that *New York v. Ferber*, 458 U.S. 747, 765 (1982), holds that criminal responsibility may not be imposed for the acts prohibited by the exploitation statute without some element of scienter on the part of the defendant.

We start, then, from the proposition that the legislature knew at the time it amended § 948.05, STATS., that guilty knowledge was an element of the offense. Its purpose in amending the statute was to relieve the State from proving the defendant's knowledge of the child's minority and reconstitute the issue as an affirmative defense. Scienter is thus still a requirement of the completed offense because the defendant cannot be convicted if ignorance of minority is proven. The affirmative defense in § 948.05(3) contains two elements. First, the defendant must prove reasonable cause to believe the child had attained the age of eighteen. The second element requires proof that the child produced suitable documentary evidence of majority to the defendant or the defendant's stead. As Zarnke points out, it is impossible for someone who is not involved in face-to-face exploitation to satisfy the second element of the defense. It is absurd and unreasonable to view the statutory scheme as intending to create a defense that one could never successfully assert. We, however, must construe statutes to avoid unreasonable or absurd results. *Schwartz v. DILHR*, 72 Wis. 2d 217, 222, 240 N.W.2d 173, 175 (1976). Thus, we conclude that the amendment was only intended to apply to violations committed in the presence of the child; it was not intended to disturb the requirement that the State prove knowledge of age where the offense does not involve face-to-face contact.

To summarize, prior to the statute's amendment, the State was required to prove the element of guilty knowledge in every type of sexual exploitation offense. The amendment permissibly shifted the burden to the defendant in cases where the child's age can reasonably be ascertained. It is, however, unreasonable to shift

the burden in circumstances where it is impossible to employ any one of the statute's methods for ascertaining age. The legislature presumably does not intend its enactments to work unreasonable results. Therefore it did not intend that the amendment shifting the burden would affect the requirement that the State prove scienter where the affirmative defense is impossible to prove.[3]

In turning to the parties' positions, and the forgoing analysis notwithstanding, we alternatively agree with the State that the statute can be saved and thus applied to Zarnke by reading into it the requirement that the State prove knowledge of minority as an element of the offense of distributing pictures of children engaged in sexually explicit conduct. In reaching this separately dispositive conclusion, we are guided by several legal principles. This court must strive to construe legislation so as to save it against constitutional attack. *State v. Hall*, 207 Wis. 2d 54, 82, 557 N.W.2d 778, 789 (1997). A statute should be held valid whenever by any fair interpretation it may be construed to serve a constitutional purpose. *See Heimerl v. Ozaukee County*,

---

[3] There is another facet to the absurdity that would result from concluding the legislature intended to supplant the knowledge-of-age element with an affirmative defense in all cases. Substituting a patently inutile defense for a knowledge element in a no-contact situation has the effect of creating a strict liability offense. Ironically, then, a person who is able to ascertain age because the crime is committed in the child's presence may not be convicted if reasonably ignorant of minority while an indirect distributor who, in a sense, is less "culpable" because he or she cannot personally determine the age of a person depicted in a sexually explicit picture, is guilty upon proof of minority because it is impossible to prove the affirmative defense.

256 Wis. 151, 155, 40 N.W.2d 564, 566 (1949). However, "courts cannot go beyond the province of legitimate construction to save it, and where the meaning is plain, words cannot be read into it or out of it for the purpose of saving one or other possible alternative." *Id.*

The State, again, argues that this court can save § 948.05(1)(c), STATS., by imposing on the statute the requirement that the State prove knowledge of age for violations that are not committed in the presence of the child. Zarnke argues that the holding in *Hall* prohibits this court from employing the State's proposed method to save the part of § 948.05(1)(c) at issue. In *Hall*, the supreme court found the drug tax stamp law[4] unconstitutional as violating the Fifth Amendment's self-incrimination clause. *Id.* at 68, 557 N.W.2d at 783. The supreme court concluded, in part, that the breadth of the "stamp law's" grant of immunity was insufficient to replace the privilege against self-incrimination.[5] Specifically, it held that the confidentiality provision of the law[6] did not, on its face, provide the defendant with the protection afforded by the privilege against self-incrimination since it barred only direct, but not derivative use of the information the dealer was required to provide the department of revenue pursuant to the "stamp law." *Id.* at 78, 557 N.W.2d at 787.

The State argued in *Hall* that the statute could nonetheless be saved by construing the statutory privilege to provide both direct and derivative use immunity, thereby providing the same protection as

---

[4] Section 139.87, STATS., et seq.

[5] "The privilege can be replaced by a sufficient grant of immunity." *State v. Hall*, 207 Wis. 2d 54, 77, 557 N.W.2d 778, 787 (1997).

[6] Section 139.91, STATS.

the right against self-incrimination. *Id.* at 77–78, 557 N.W.2d at 787. The supreme court rejected this suggestion. It observed that to read the stamp law to bar both derivative and direct use would require the court to add to the statute words to the effect that the direct use immunity extends to indirect use as well. *Id.* at 90, 557 N.W.2d at 792. This, it concluded, was beyond the permissible methods of redeeming an otherwise unconstitutional statute because it did not comport with the clear meaning of the statute and, indeed, contradicted the legislature's intent. *Id.* The court engaged in an exhaustive analysis to demonstrate that the legislature knowingly, purposefully and unambiguously excluded derivative use immunity from the stamp law. To rewrite the statute in a manner inconsistent with this legislative intent would result in "judicial usurpation of the legislature's role." *Id.*

*Hall* is distinguishable from the case at hand. In *Hall*, the State's position would have required the Court to carry saving construction "to the point of perverting the purpose of [the] statute" by reading into it something that was *directly contrary* to the legislature's express purpose. *Id.* at 82, 557 N.W.2d at 789. Here, however, the affirmative defense demonstrates the legislature's continuing will that people innocently ignorant of the child's age not be punished under § 948.05, STATS. Reading the statute as the State proposes, to maintain the State's obligation to prove knowledge of age, preserves rather than perverts this intent.

In conclusion, we first reverse by concession the trial court's order finding § 948.05, STATS., unconstitutional in its entirety. Further, we hold that the legislature did not intend to relieve the State of the

burden of proving knowledge of age where the illegal conduct under § 948.05(1)(c), STATS., occurs outside of the child's presence. Additionally, we reverse the order dismissing the charges under § 948.05(1)(c), STATS., because this subsection requires the State to prove knowledge of the child's minority. Alternatively, we recognize the legislature's intent to relieve those with a reasonable ignorance of the child's age from punishment under the sexual exploitation statutes. Consistent with this intent, we construe § 948.05(1)(c) to require the State to prove knowledge of minority as an element of the crime, thereby avoiding the alleged constitutional infirmity. Under either theory, the order dismissing the charges arising from § 948.05(1)(c) must be reversed. The matter is remanded for further proceedings on the reinstated counts.

*By the Court.*—Order reversed and cause remanded for further proceedings.